EDISON ELECTRIC LIGHT CO. et al. v. GOELET et al.

(Circuit Court, S. D. New York. March 5, 1894.)

PATENTS FOR INVENTIONS — RIGHT TO USE PATENTED ARTICLES BOUGHT FROM LICENSEES.

The E. Co. sold its patented electric lamps to three several companies, upon agreements by them to sell only to users of the lamps within certain limited territory. Each of such three companies sold lamps, without restriction, to defendants, who were outside the territory of all the companies. *Held*, following Adams v. Burke, 17 Wall. 453, and Hobbie v. Jennison, 149 U. S. 355, 13 Sup. Ct. 879, that defendants had the right to use the lamps, so sold to them, anywhere in the United States.

This was a suit by the Edison Electric Light Company and the General Electric Company against Robert Goelet, Robert Stafford, and others to restrain the infringement of a patent. An injunction having been granted, plaintiffs moved to punish defendants for contempt. Upon the first hearing, defendants were given leave, within 10 days, to submit affidavits showing from whom they purchased the devices complained of. 65 Fed. 612. Such affidavits having been filed, the motion is now renewed.

Dyer & Seely and Eugene H. Lewis, for complainants.
Hobbs & Gifford, for defendants.

LACOMBE, Circuit Judge. The additional affidavits show that the lamps of the Edison pattern used by defendants have been

obtained by them by purchase from three sources: (1) McLeod, Ward & Co., dealers in electrical supplies in this city; (2) the Jaynes Electric Company, a copartnership in Buffalo, dealing in such supplies; (3) the F. P. Little Electric Construction & Supply Company, also in Buffalo.

1. The first-named firm bought the lamps from the Edison General Electric Company, and its successor, the General Electric Company, exclusive licensees to manufacture under the patent. McLeod, prior to such purchase, had signed an agreement binding his firm not to sell any of the lamps so bought in violation of the various obligations which existed between the company and its licensees, and further agreed to keep himself informed of such obligations. The lamps in question were bought from the Edison Company upon an order of the firm, stating that they were "for use above 70th street." They were sold to defendants by McLeod without restriction.

2. The Jaynes Electric Company bought the lamps it sold to defendants from the Buffalo General Electric Company. This corporation obtained them from the General Electric Company, under a contract which authorized it to sell such lamps only to users of lamps within the county of Erie, except Tonawanda. The Jaynes Company bought the lamps from the Buffalo Company without restrictions, and sold them to defendants in like manner.

3. The F. P. Little Company bought the lamps it sold to defendants from the General Electric Company through its Syracuse agent. It had previously signed an agreement similar to that executed by McLeod, but; in making the sale to the defendants, imposed no restrictions.

No doubt, the defendants were advised in a general way that the complainant the illuminating company claimed that it had the sole right to use, and sell for use, lamps of the patent within the city of New York; but there is no reason for discrediting their statements that, as to these particular lamps, they had no notice or knowledge of any restrictions placed upon those who sold them. Under these circumstances, I am of the opinion that under the principles laid down in Adams v. Burke, 17 Wall. 453, and Hobbie v. Jennison, 149 U. S. 355, 13 Sup. Ct. 879, the defendants have the right to use the lamps they bought anywhere in the United States. Concededly, they were made by the General Electric Company, the exclusive licensee under the patent, and were sold by it to persons to whom it had the right to sell. The last-cited case reiterates the proposition that the "sale of a patented article by an assignee within his territory carried the right to use it everywhere. * * * Once lawfully made and sold, there was no restriction on the use to be implied, for the benefit of the patentee or his assignees or licensees." The dissentients in Adams v. Burke, and many circuit judges in subsequent decisions, clearly and forcibly pointed out the result of such a construction of the patent laws as would leave a patentee, who wishes to divide his rights territorially, dependent upon the good faith of those to whom he sells. But the supreme court has so held, and there is nothing for this court to do but to conform to

such decision. The patentee's remedy is against those who, after binding themselves to conform to his restrictions, have violated their agreements. He may protect himself either by selling his lamps only to persons on whose honesty and responsibility he can rely, or by requiring from them sufficient security that they will respond for any damages he may sustain by their failure to keep faith with him. The purchaser of lamps once sold by the patentee, or by the person whom he authorizes to make and sell them, cannot, under the decisions supra, be charged with knowledge of the restrictions upon resale, which are matter of agreement between the patentee or the licensed manufacturer and the first purchaser. Motion to punish for contempt is denied.