EDISON ELECTRIC LIGHT CO. et al. v. BLOOMINGDALE et al.

(Circuit Court, S. D. New York. November 10, 1894.)

1. FEDERAL COURTS—COMITY BETWEEN CIRCUITS—FOLLOWING CIRCUIT COURTS OF APPEALS.

It is the duty of a circuit court, notwithstanding the rule of comity, to follow a decision of the circuit court of appeals for its own circuit, rather than a contrary decision of a circuit court in a different circuit.

2. PATENTS—DURATION OF RIGHT—ESTOPPEL.

The action of the patentee and assignee of the Edison incandescent carbon filament vacuum lamp patent (No. 223,898), in procuring a "correction" of the patent, making it expire with foreign patent, which correction was beyond the jurisdiction of the patent office, did not operate to estop them from claiming that the patent was in force for the full term of its life, as originally fixed. Edison Electric Light Co. v. United States Electric Lighting Co., 3 C. C. A. 83, 52 Fed. 300, followed.

3. SAME — STIPULATION PERMITTING SALE OF INFRINGING ARTICLE — USE BY PURCHASERS.

In a suit for infringement of the Edison incandescent electric light patent (No. 223,898), a stipulation was made providing for an injunction, but containing a provision that the defendants should not be charged with contempt thereunder "for selling or otherwise distributing to the trade" a certain lamp known as the "Buckeye." Held that, as purchasers from such defendants could not be charged with notice of restrictions upon resale, Buckeye lamps sold by them were removed from the monopoly of the patent, and third persons using them could not be enjoined.

4. SAME—PRELIMINARY INJUNCTION.

And, further, the use of Buckeye lamps, not purchased from such dealers, should not, in the first instance, be prevented by preliminary injunction, since they could be replaced by lamps of the same kind bought from such dealers; and to require this would be to impose a hardship upon defendant without any advantage to the complainant.

This was a bill by the Edison Electric Light Company and the Edison Electric Illuminating Company of New York against Lyman G. Bloomingdale and another for infringement of the Edison incandescent electric light patent.

Eaton & Lewis, for complainants.
Cravath & Houston, for defendants.

LACOMBE, Circuit Judge. This is an application for a preliminary injunction to restrain infringement of patent 223,898, issued to Thomas A. Edison, January 27, 1880, for the well-known incandescent carbon filament vacuum lamp, which has been repeatedly sustained in this circuit. The defendants are using on their premises, at the corner of Fifth-Ninth street and Third avenue, in this city, incandescent lamps of three kinds, known, respectively, as the "Khotinsky," the "Novak," and the "Buckeye." The first two of these are concededly infringements, and no opposition is made to the granting of a preliminary injunction restraining their further use. As to them complainants may take an order.

Defendants, however, insist upon their right to use the Buckeye lamps, relying mainly upon a decision of Judge Ricks, rendered in the circuit court for the Northern district of Ohio in January of this year. 59 Fed. 691. That court refused to continue a preliminary injunction on the suit of the Edison Electric Light Company and the Edison General Electric Company against the manufacturers of the Buckeye lamps; and it is insisted that comity requires this court, in the Southern district of New York, to follow Judge Rick's opinion, and refuse an injunction to restrain their use here. This would, no doubt, be so were the question one of infringement only, where the court in Ohio had been the first to examine into and determine questions as to the structure of some particular lamp not heretofore judicially examined into and determined in this circuit. But the situation here presented is a peculiar one. That the lamps made by the Buckeye Company are infringements of the Edison patent, as construed by the courts, is not disputed here, nor does it seem to have been disputed in Ohio. Judge Ricks himself held that the Buckeye structure infringed. He refused relief to the complainants in the Ohio suit on the following grounds: After the patent to Edison had been regularly issued, the patentee and his assignee petitioned the commissioner of patents to "correct" the letters patent as to the statement of the term for which they were to run. And, accordingly, on December 8, 1883, the commissioner, in compliance with such petition, issued a so-called "certificate," stating that the said patent "is hereby limited so as to expire at the same time with the patent of the following named having the shortest time to run." Then follows an enumeration, including a British patent, which expired November 10, 1893. That the attempted "correction" by the commissioner of patents was without jurisdiction, and wholly void, as held in Edison Electric Light Co. v. United States Electric Lighting Co., 3 C. C. A. 83, 52 Fed. 300, is not disputed. But the circuit court in Ohio reached the conclusion that the action of the patentee and as-

signee in petitioning for the correction, and accepting the same when made, operated as a public and solemn limitation of the duration of their own patent, and as a record of their intention to abandon it to the public from and after November 10, 1893, the expiration of their British patent; and that, having thus limited its duration, and made public their intention to abandon, and defendant having in good faith acted on said public declaration, complainants are estopped from coming into court, and asserting that such conduct was a mistake as to the law, and therefore not binding upon them. This precise point, however, was argued before the circuit court of appeals in the Second circuit in Edison Electric Light Co. v. United States Electric Lighting Co., supra. The printed brief of counsel in that case epitomizes their argument in the statement on page 18:

"The Edison Company, by its solemn statement to the commissioner of patents, duly verified by Mr. Edison, is estopped from saying that the term of the British patent has not become the measure of the duration of the American patent."

That court, however, upon full argument and careful consideration, held that the point taken was unsound, and sustained the decree of injunction and accounting.

It is, of course, the duty of the several circuit courts in the second circuit, comity to the contrary notwithstanding, to follow the decisions of the court of appeals of that circuit rather than those of a circuit court in some other circuit. Were there nothing in the way of complainants' application except the decision of the Ohio court in a case where the parties are not identical, they would in this circuit be entitled to relief against the user of a lamp which concededly infringes, even though the Ohio court has refused a preliminary injunction against the maker.

It appears, however, that the Edison Electric Light Company and the Edison General Electric Company, which last-named company is the manufacturing licensee under this patent, heretofore brought three suits in the Northern district of this state to restrain infringement by certain dealers in electric supplies. In those suits a stipulation was made between all the parties, providing for an injunction pendente lite, with the express understanding and agreement "that the complainants shall not charge the defendants, or either of them, or assert that the defendants, or either of them, shall be in contempt of court under said preliminary injunction order, for selling or otherwise distributing lamps known to the trade as the 'Buckeye lamps.'" Buckeye lamps, therefore, sold by those defendants in Buffalo, although infringements, are, with the authorization of the manufacturing licensee and of the owner of the patent, removed from the monopoly of the patent. It was held by this court in Electric Light Co. v. Goelet, 65 Fed. 613, that "the purchaser of lamps once sold by the patentee, or the person whom he authorizes to make and sell them, cannot, under the decisions of the supreme court (Adams v. Burke, 17 Wall. 453, and Hobbie v. Jennison, 149 U. S. 355, 13 Sup. Ct. 879), be charged with knowledge of restrictions upon resale." An injunction order would not, therefore, operate

to prevent the use of Buckeye lamps by the defendants. It might compel them to remove those actually now in use, which appear to have been purchased direct from the Buckeye Company; but they could be at once replaced by lamps of the same kind bought from those dealers in Buffalo, whom the owners of the patent have authorized to sell. A preliminary injunction should not be granted where the effect is solely to impose hardship and expense upon respondents, without substantial benefit to the complainants. The complainants are, however, entitled to insist that the only infringing lamps used hereafter shall be those sold out of the monopoly, and this motion will be denied only upon defendants stipulating to file sworn monthly statements of all Buckeye lamps hereafter bought in the lifetime of the patent and during the pendency of this suit (or until further order), to replace those now in use or to increase their lighting plant, showing from whom such lamps were purchased, so that complainants may, if so advised, move to restrain the use of any of them which have not been sold out of the monopoly.