In the Matter of the Estate of JAMES L. BARCLAY, Deceased.

Surrogate's Court, New York County, August 21, 1936.

*Dixon & Holmes [Joseph F. McCloy* and *M. Francis Bravman* of counsel], for the executors and trustees, petitioners.

*Cullen & Dykman [William K. Allison* of counsel], for the life tenant.

*Edgar Hirschberg,* for the State Tax Commission.

DELEHANTY, S. Deceased died in 1925 leaving a will whereby he created a trust of his residuary for the benefit of his daughter during her life, with remainder over. By order of this court dated July 23, 1926, there was computed the amount of tax which in the various contingencies might be collected when the actual vesting of the remainder interests occurred. Following that computation a deposit of securities having a face value of $140,000 was made with the State Tax Commission to secure the actual payment of the taxes on the remainder when eventually ascertained. Certain minor interests have actually vested now and the tax may finally be adjusted so far as such interests are concerned. The executors and trustees seek to compromise the future taxes and there is

opposition to so much of the application as relates to the taxes on the interests which have not yet vested.

The tax which in certain contingencies may be collected in the future exceeds $100,000. Having regard to the factors now known respecting the probable devolution of the property it is asserted by the executors and trustees that the probable tax burden will be approximately $70,000 to $80,000. Under existing law these prospective taxes may now be compromised at slightly over $25,000. The life tenant objects to this and asserts that the compromise cannot be had without her consent.

The basis to the life tenant's objection is of course that she will lose the income upon the amount appropriated to the payment of the tax as compromised. Presently she receives the income upon the securities deposited to secure the tax. She will continue to receive the income on so much of the securities as are not needed for payment of the tax but she will lose permanently the income on the $25,000 which will be used if the compromise is approved. The executors and trustees argue that under the existing law the application to compromise is deemed to be for the benefit of all interested parties and they argue that no beneficiary may be heard now to oppose the compromise. They assert that the matter is one solely between the representative of the estate and the taxing authorities. They assert, too, that since the proposed compromise tax is lower than the lowest sum which eventually must be paid if no compromise is effected, the life beneficiary cannot claim legal prejudice.

Under sections 230 and 241 of the Tax Law in effect in 1925 the tax was computed only tentatively. It was not assessed for immediate payment. The income on the deposit made to secure the tax was properly turned over to the life beneficiary of income. (*Matter of Hecht*, 219 App. Div. 656; affd., 246 N. Y. 602; affd., *sub nom. Salomon* v. *State Tax Commission*, 278 U. S. 484.) The whole question presented is whether or not the life beneficiary is entitled to the continuance of this income no matter at what detriment to the remaindermen.

Under the Tax Law effective in 1925 it was provided (section 233) that the Tax Commission and the fiduciary might compose the future taxes. The section contained the proviso " that no such composition shall be conclusive in favor of said trustee as against the interest of such *cestuis que trust* as may possess either present rights of enjoyment, or fixed, absolute or indefeasible rights of future enjoyment, or of such as would possess such rights in the event of the immediate termination of particular estates, unless they consent thereto." The provision for composition which is contained in the Tax Law effective now confers full power upon

the fiduciary and provides that the order made in the proceeding for the composition shall be binding and conclusive against every person interested in the property. It eliminates all requirement of consent by such parties in interest.

The court holds that the objections of the life beneficiary to the proposed compromise are untenable. The body of property upon which she has been enjoying income is subject to the lien of the tax due to the State of New York. That tax has been tentatively assessed. The State system of taxation effective in 1925 did not confer any indefeasible right in this income beneficiary to compel deferment of the final fixation of the tax until her interest in the estate terminated with her death. The amount here involved is in all contingencies less than the amount due the State of New York. The administrative provisions of the Tax Law temporarily resulted in a benefit to the life beneficiary by reason of the fact that the State did not exact immediate payment of the tax. That it could lawfully have exacted immediate payment of a tax at the minimum rate is quite apparent. Its failure to reduce its tax to possession may have conferred a privilege upon the life beneficiary but it vested in her no property right. The privilege was one which was subject to withdrawal at any time by the State. The life beneficiary had neither right to oppose the withdrawal nor right to notice of it. When the withdrawal became effective the life beneficiary ceased to enjoy a privilege gratuitously conferred and that is all.

It is not necessary to determine whether the provisions of the existing law permitting composition of the tax would in all circumstances be binding upon non-assenting beneficiaries in respect of taxes assessed under prior acts. The law respecting composition in effect in 1925 undoubtedly vested a discretion in this court to pass in any appropriate proceeding upon the propriety of an executed or of a proposed composition. If, following the tentative assessment of tax in 1926, the executors and trustees had composed the tax, had reported the composition in their account and had asked for approval, all that the beneficiary of income could have done was to object that the composition was not conclusive as to her. She could have raised only the question of the propriety of the composition. She could have sought surcharge only if the composition was in fact unwarranted. In legal effect her position now is the same as if the question had been raised by an accounting after a composition completed prior to the amendment of 1930 which established the present law dispensing with consent of beneficiaries. Her present position is no more effectual than it would have been had it been made on such an accounting. Here the benefit to the estate as a whole is apparent. Failure to approve this compromise

will inevitably result in a very substantial detriment to the eventual beneficiaries. If the compromise is not approved then three times the amount now necessary must eventually be paid and perhaps four times that sum. There is no *legal* detriment to the life beneficiary, for the reasons heretofore stated. The act of the executors and trustees in effecting this compromise is a prudent and a proper act and even under the terms of the compromise statute effective in 1925 it must be approved.

It has already been noted that in some small degree there is no opposition to the application. So far as opposition has been made it is overruled. The application to compromise the tax is in all respects granted.

Submit, on notice, order accordingly.