In the Matter of the Estate of JOHN BURLING LAWRENCE, Deceased.

Surrogate's Court, New York County, March 29, 1937.

*Allen Evarts Foster*, for the executors.

*Mitchell, Taylor, Capron & Marsh* [*Edwin W. Cooney* and *Elmer J. Hoare*, of counsel], for the City Bank Farmers Trust Company, trustee.

DELEHANTY, S. Deceased died on March 4, 1929. By paragraph sixth of his will he gave to his wife his entire residuary estate. She is one of the executors. His will makes no direction for payment of taxes.

By the second and fifth paragraphs of his will deceased placed in trust two funds having respective capitals of $75,000 and $25,000. In each instance he directed that upon the termination of the limiting life the principal was to go to the then ascertained next of kin of the respective beneficiary. A transfer tax was assessed contingently at the highest possible rate against the interests of these unknown next of kin. The total tax so assessed tentatively was $5,698.45. The assessment was made on April 15, 1931. About May 5, 1931, one of the executors instituted a proceeding for the compromise of the contingent tax so assessed and by order dated May 15, 1931, the tax on the remainder interests in the respective trusts was compromised at the sums of $1,887.37 and $213.48, or a total of $2,100.85. This sum was paid by the executors.

In the assessment thereafter of the Federal and State estate taxes the amount of $2,100.85 so fixed and paid as the compromise tax upon the contingent remainders in the trusts was claimed as a deduction. The deduction was allowed. Concededly, the estate taxes eventually paid out of the residuary estate were reduced by the amount of the compromise tax so assessed at $2,100.85.

The questions presented deal with the propriety of the action of the executors in so compromising the tax on the contingent remainders *prior* to the fixation of the estate tax and in so claiming the deduction when the estate tax was fixed. It is expressly conceded that the executors acted in entire good faith. It is argued nevertheless that since the procedure adopted by the executors diminished the estate tax liability of the residuary estate by $2,100.85, a direct benefit in that sum was secured by one of the executors, the widow of deceased, and hence it is argued that as matter of law the procedure of the executors was improper.

Prior to the actual compromise of the tax on the contingent remainders of the trusts the executors had paid over to the trustee the sum of $92,861.27 and had reserved the difference of $7,138.73 to cover the transfer taxes. The executors were required at some time to pay to the trustees of the respective trusts a total sum of $100,000 less such taxes. Emphasis is laid by the trustee upon the text of section 233 of the Tax Law hereafter quoted and argument is made therefrom that the executors had disabled themselves from entering into a composition agreement because they had parted with the control and custody of the trust fund in the large degree just stated. The relevant text provides: " The executor, trustees or other person acting in a fiduciary capacity and having custody or control of property transferred contingently * * * may * * * elect that the transfer of such property be taxed pursuant to the provisions of this section, in which event there shall be paid

and accepted in full satisfaction of all of the transfer tax due or to become due upon the transfer of such property, an amount determined as follows:"

The law dealing with composition in effect at the date of death of the testator contains no such language. Both parties based their argument to the court on the assumption that the law as it existed at the time of the compromise regulates the rights of the parties. The court adopts that position of counsel and will determine the issue on that basis. This court in *Matter of Barclay* (161 Misc. 123) held that executors had power to compromise a tax irrespective the consent of a life tenant who had been in receipt of income from securities deposited to insure payment of the tax contingently assessed. While that case does not determine the precise question here, the logic of the decision is applicable and the court holds that the executors here had power to enter into the compromise agreement without regard to the consent or dissent of the trustee entitled to the principal of the funds unless the fact of payment of the major part of the capital of the trusts disabled the executors from entering into a compromise at all.

The court holds that the executors did not disable themselves from proceeding with the compromise by making part payment of the trust capitals. It might well be argued that the receipt by the trustee of only part of the trust funds and the assent by the trustee to the reservation of a sum sufficient to secure the tax contingently assessed was an assent by the trustee that the executors might do with the fund so reserved whatever was appropriate to the final fixation of the tax. Certainly some power and authority was reserved to the executors in relation to the fund so reserved. The court prefers to place its decision on a broader basis. It would be an unwarranted interpretation of this statute to say that the Legislature intended that only the person *completely* possessed of the fund should have the power to compromise. If that were the legislative intention nobody could compromise under the existing state of facts. The trustee has not *all* the fund. Neither has the executor *all* the fund. If custody and control of *all* is necessary, then no one is qualified to initiate the compromise. Doubtless the trustee will not repay to the executors the $92,861.27 it holds. Likewise the executors will not surrender the balance in their hands until they obtain clearance of their personal liability for the tax. It must be conceded that if the trustee's argument based on the text of the law has any validity the argument must go to the extreme by saying that only a person having " custody and control of " *all* the " property transferred " is empowered to act. Even if the executors paid the contingent tax into the State treasury the trustee would not have " custody and control " of the amount so deposited.

The trustee does not pursue its argument to this point but asserts on the contrary that it alone had the power to compromise the tax. Its argument ignores its own lack of that " custody and control " of *all* the fund which it argues to be indispensable in the case of the executors. The construction contended for by the trustee would leave an executor with no discretion whatever except to deposit the equivalent of the tax on the highest basis and pay the balance over to the trustee or to make no payment at all to the trustee until the tax liability had finally been adjusted by compromise. A more reasonable construction of the quoted text is to hold that so long as an executor has control of any property of the trust estate adequate to cover the tax liability he is empowered to initiate a compromise proceeding. Accordingly, so much of the argument as is based upon the non-possession by the executor of the entire trust corpus is held to be without substance.

The remaining argument of the trustee is that the trust estate has been prejudiced by the order in point of time in which the compromise was effected and the estate taxes assessed and paid. If the estate taxes had first been assessed and paid before the tax contingently imposed upon the remainder of the trusts had been finally determined by the compromise, there would have been a larger estate tax payable by deceased's widow — the residuary legatee. She would then have been unable to offset the $2,100.85 compromise tax against the estate tax otherwise payable. On the other hand, the trustee could then have offset the estate tax paid as against the compromise tax assessable on the remainders and could thus escape payment of any tax. The widow as executrix was obliged to deal fairly with the other persons interested in the estate and to take no advantage for herself to the detriment of others. The court holds that the executors did no legal wrong to the trusts and that their management of the tax problems of the estate did not impose any undue tax liability upon the trusts or give to the trustee any right of recourse against the executors.

On the argument it had to be conceded by the attorney for the trustees that the procedure contended for by him would have resulted in the residuary legatee bearing the entire burden of the tax otherwise assessable upon the contingent remainders in the trust. Such a result would be inequitable. It is not without interest to note that in section 124 of the Decedent Estate Law there is statutory direction (applicable, it is true, only to the estates of persons dying after September 1, 1930) that the burden of the tax shall be apportioned on the basis of the benefit received. That declaration is merely a statutory formulation of existing law. When two methods of tax assessment and payment are possible that one which imposes the burden of the tax in proportion to the benefits received

must be held to be the proper one. In this accounting proceeding this court has undoubted power to enforce equity of treatment of the tax burden. Here the amount assessed as the tax upon the contingent remainders of the trusts is admittedly a tax proportionate to the benefit to be received by the contingent remaindermen. It is conceded, too, that if the position argued for by the trustee were to be accepted by the court, these contingent remaindermen eventually would receive the principal of the trusts free of any transfer tax at all. A result so inequitable should be adopted by the court only if constrained by inescapable statutory directions. Every consideration of right and equity compels a contrary result if that can be arrived at without violation of the statute.

The court holds that within the true meaning of the statute the executors acted properly in regulating the incidence of the tax burdens as they did, that their acts conferred no undue benefit upon the residuary legatee and that the objections of the trustee should be dismissed. Submit decree settling the account accordingly.