In the Matter of the Estate of CHARLES J. FARLEY, Deceased.

Surrogate's Court, New York County, July 1, 1941.

*Charles W. Lefler*, for the petitioners.

*Murphy, O'Rourke & Tierney*, for Anne J. Farley and Mary A. Farley, respondents.

*Gillespie & O'Connor*, for the Catholic Charities of the Archdiocese of New York, respondents.

FOLEY, S. The issues in this contested accounting proceeding are disposed of as follows:

(1) As to the objections filed by Anne J. Farley and Mary A. Farley, the second, third and fourth objections have been withdrawn by stipulation approved and filed.

(2) Under such stipulation the coexecutrix, Eleanor J. Farley, has waived her personal claim against the estate.

(3) The first objection is sustained in part and the executrix, the widow of the decedent, is surcharged with the sum of $2,617.04. The surrogate finds that this amount was inequitably assigned by the executors to the widow as part of the share given to her by the will. That share under paragraph fourth of the will it is undisputed amounted to one-half of the gross estate. The remaining half, subject to certain deductions, was given in trust for the lives of the sisters of the testator, who are the objectants here, with remainder over to Catholic Charities of the Archdiocese of New York.

As the surrogate construes the will, the testator contemplated a theoretical division of each and every asset left by him. One-half of that fund was to be set aside for benefit of his wife, the remaining part was made subject to administration expenses, funeral expenses, estate inheritance taxes and debts. The balance of the second half, after these deductions, became the residuary trust.

The testator died on April 21, 1940. Letters testamentary were issued to the executors on May 10, 1940. A general decision to allocate was made on or about August 19, 1940. The actual allocation of specific securities to the widow was not made by the executors until October 2 and 3, 1940. Certain securities were sold in the period before the allocation. The widow sought to charge the net loss resulting from such sale against the other half of the estate and thereby escape any diminution of her moiety. Under the principle of the theoretical division as of the date of death, each half of the estate should equitably bear the shrinkage in value. Each would equally share in an increase in value. The contention of the widow that she should be exempt from loss by shrinkage would violate the terms of the will and result in an injustice to the sisters of the testator and the charitable remainderman. By her arbitrary action she has obtained an excess of the amount which is now surcharged against her. (*Matter of Valentine*, 165 Misc. 863.)

The further contention that final and absolute discretion and power to allocate are vested in the trustee is overruled. Paragraph ninth of the will did grant wide powers to the trustees but it violates subdivision 2 of section 125 of the Decedent Estate Law. The section declares that a clause which gives a fiduciary the power to

make a binding and conclusive fixation for the purpose of distribution and allocation, is contrary to public policy. The clause contained in the present will is, therefore, worthless. The conduct of the widow here demonstrates the beneficial result of the passage of this legislation and the injustices that were intended to be corrected by it.

(4) Upon the claim for a partial payment on account of the compensation of the attorney for the executors, the sum of $4,000 may be presently paid. The determination of the total reasonable amount of such compensation is reserved for the final accounting of the executors.

Submit decree on notice settling the account accordingly.