In the Matter of the Construction of the Will of Marion P. Bush, Deceased. Central Trust Company Rochester, as Trustee under the Will of Marion P. Bush, Deceased, Appellant; Clayton F. Bush, as Executor of Marion P. Bush, Deceased, Respondent.

Fourth Department, November 21, 1956.

*Howard M. Woods* for appellant.

*Peter G. Smith* and *Jay A. Smith* for respondent.

KIMBALL, J.  We agree with the result reached by the Surrogate that any securities or investments distributed in kind, as authorized by the will, should be received and taken at the appraised values as of the date of death of the testatrix.  We think that the intention of the testatrix is manifest from the will itself and that it is unnecessary to draw inferences as to her intention from her experience in the settling of her mother's estate.  Since section 268 of the Surrogate's Court Act has no application where distribution in kind is made pursuant to the provisions of the will (*Matter of Kent,* 173 App. Div. 563), the intention of the testatrix governs.

The will gave to the executor authority "to set off and distribute in kind to any legatee, including any trust, or to any distributee, any of the securities or investments forming part of my estate at the appraised values thereof". No statutory inventory and appraisal was had pursuant to section 195 of the Surrogate's Court Act.  The property was appraised for estate tax purposes at "date of death" values.  We think it was the intention of the testatrix that such values be used in making distribution in kind.  She intended the words "at the appraised values" to have some meaning.  Such words would have been unnecessary if she intended the values to be fixed as of the date of distribution.  In the absence of directions in the will, the latter date would have controlled as a matter of

course. By the use of those words, the testatrix was referring to an appraisal already made prior to the date of distribution. She knew that her property had to be appraised for tax purposes. She used the article " the " which pointed up a definite appraisal. The will did not say: " values to be appraised " but " the appraised values ". The estate tax appraised values as of the date of death were the only appraised values to which the will could refer in the context in which the words were employed.

Certain real and personal property devolved upon the husband-beneficiary by reason of the death of the testatrix and under paragraph " Second " of her will. Such property was valued as of the date of death. It could hardly have been the intention of the testatrix, in arriving at the total sum which her husband would receive, to use two different dates for the valuation of the several items which went to make up the total. By paragraph " Third " of the will, the husband was given property additional to what he was to receive under paragraph " Second ", so as to make up a total sum " as shall equal * * * one-half of my adjusted gross estate as defined by the Revenue Act of 1948 ". Values as of date of death were used to determine the " adjusted gross estate ". The total sum which was given to the husband and described as a sum " as shall equal * * * one-half of my adjusted gross estate ", should be arrived at by using the date of death values and should not be computed by using values as of the uncertain date of distribution. The " adjusted gross estate " having been computed by the use of values as of the date of death, the husband is entitled to a sum equal to one half thereof as so computed. The will provided that the husband's half of the adjusted gross estate or the total sum which equalled it, should not be diminished by payment of estate taxes. These were wholly payable from the residuary estate which was in trust for the benefit of the son. It is plain that the testatrix realized and intended that the trust fund would be less than the total given to the husband. She did not intend that, by using values as of some uncertain date of distribution, the trust fund would exceed what she had provided for her husband. Moreover, it would be unjust and inequitable to make a distribution in kind which would result in the son's trust fund obtaining all the benefit of the increased values of the securities.

The decree recites " that Clayton F. Bush in receiving stocks and bonds to apply on his legacy shall receive the same at the appraised values as of the date of death of Marion B. Bush, deceased ". The construction placed upon the clause in the will

as to values must apply not only to Clayton F. Bush but to the trust as well. It must be binding upon the trustee, the son and the contingent remaindermen, should the trust terminate before the son reaches 40 years of age. The decree should be modified in that respect in accordance with the prayer of the petition and the decretal provision made to apply to all the beneficiaries.

The husband of the testatrix is not only a beneficiary under the will but is also executor thereof and, as such, is acting in a fiduciary capacity as to everyone but himself. His interest as beneficiary must not be allowed to conflict with his duty as executor. He may not, in distributing stocks and bonds to himself in satisfaction of his legacy or share, make selections which are favorable to himself and deliver to the trustee securities which have not enhanced in value in the same proportion as those he receives. The purported authority to the executor to use his discretion in making distribution in kind, as set out in paragraph " Eighth " of the will, is in conflict with subdivision 2 of section 125 of the Decedent Estate Law. The executor must make distribution equitably and fairly as between himself and the trustee of the trust for the son. (See *Matter of Stutzer,* 155 Misc. 301; *Matter of Farley,* 176 Misc. 772; *Matter of James,* 189 Misc. 24, affd. 274 App. Div. 917.) The decree should be further modified so as to provide that the distribution and allocation of the securities by the executor to himself and to the trustee shall be in such manner that the husband and the trustee of the son's trust shall share proportionally in the appreciation and in the depreciation, if any, of the several securities.

The matter should be remitted to the Surrogate's Court to make and enter a decree, modified in accordance with this opinion. As modified, the decree should be affirmed.

All concur. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

Decree directed to be modified, on the law and facts, in accordance with the opinion and as modified affirmed, with costs to all parties filing briefs payable out of the estate, and matter remitted to the Surrogate's Court to enter a decree accordingly.