**Rose H. JEROMER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
Oct. 1, 1957.

## 852

See also 138 F.Supp 239.

Winick, Hoffman & Grumet, New York City, Leonard Maran, New York City, of counsel, for plaintiff.

Paul W. Williams, U. S. Atty., Southern Dist. of N. Y., New York City, Gerard L. Goettel, New York City, of counsel, for the United States.

WEINFELD, District Judge.

These are cross-motions for summary judgment in an action by the plaintiff to recover income taxes paid by her and which were owing by Joseph Jeromer her deceased husband for various years prior to his death. The parties are in accord that no genuine issue of fact exists and that the matter is ripe for disposition as a matter of law.

The essential facts are: During his lifetime the plaintiff's husband was the assured under various policies of insurance wherein he retained the right to change the beneficiary and also to collect the cash surrender value. He died on June 5, 1948 at which time he owed to the Government personal income taxes and interest in excess of $6,500. Plaintiff was named as executrix under his will; she was also the sole beneficiary of his various policies of insurance. The will contained no provision against the apportionment of estate taxes.

At the time of his death Jeromer's assets totalled $8,243.15, exclusive of the cash surrender value of his insurance; his liabilities for unpaid income taxes and other debts totalled almost $8,000. These obligations were not paid out of the available estate assets. Instead, the plaintiff used and absorbed all the assets to pay the Federal estate taxes, funeral expenses and administration expenses, including commissions to herself as executrix.

The amount of the proceeds of the insurance received by plaintiff was $188,-500. The cash surrender value of the policies at the time of the decedent's death was greatly in excess of the income taxes due the Government.

The Bureau of Internal Revenue ruled that the plaintiff was liable as a transferee under § 311(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 311(a) (1) [1] for the payment of the arrears of her husband's income taxes which, with interest to the date of payment, totalled $7,772.29. She paid the amount and the present suit is to recover the payment so made.

The factual situation is different with respect to various tax years. Thus for the years 1943, 1944 and 1945 notices of assessment and demands were sent to

1. 53 Stat. 90.

the taxpayer during his lifetime. No such notice of assessment and demand was ever served as to the 1947 and 1948 income taxes.

■ As to the 1943, 1944 and 1945 taxes there can be little doubt but that under controlling authority in this Circuit the plaintiff was properly held liable as a transferee.[2] While there is a conflict amongst various Courts of Appeals on the issue as to whether a beneficiary of a life insurance policy is a transferee to the extent of the cash surrender value at the date of death, our Court of Appeals has so held.[3] The underlying rationale is that the cash surrender value was an asset of the assured in his lifetime and upon his death the asset was not destroyed but was included in the total proceeds received by the beneficiary.[4] However, the mere fact that a beneficiary is deemed a transferee to the extent of the cash surrender value does not, in and of itself, make him liable for the payment of the decedent-transferors unpaid income taxes. More must appear. The transferee must be under a "liability, at law or in equity" for the payment of the taxes. This liability is governed by local law unless Congress otherwise determines.[5] Accordingly, liability is imposed upon a transferee where the Government, under applicable Federal statute, perfects a lien by due demand and notice of assessment upon the taxpayer.[6] In such circumstance the proceeds of the insurance received by the beneficiary are subject to the lien in favor of the Government to the extent of the cash surrender value.[7]

Since in the instant case it is conceded that the lien had been perfected with respect to the taxes due for the years 1943, 1944 and 1945, plaintiff was properly held liable as a transferee under § 311 to the extent of the cash surrender value of the policies.

■ An entirely different issue is posed with respect to the income taxes for the years 1947 and 1948. Since no notice of assessment and demand was served for those years the theory that the cash surrender values of the insurance proceeds passed to the beneficiaries subject to the government's lien does not apply. Indeed, the plaintiff urges that the absence of such lien entitles her to prevail under the authority of Rowen v. Commissioner of Internal Revenue, 2 Cir., 215 F.2d 641. But because of the facts of the instant case and the legal theory upon which Rowen was decided, I am of the view that it does not bar recovery. The Rowen case was argued and

---

2. United States v. Behrens, 2 Cir., 230 F. 2d 504.

3. United States v. Behrens, 2 Cir., 230 F.2d 504; Rowen v. Commissioner of Internal Revenue, 2 Cir., 215 F.2d 641, 644. Accord. United States v. Bess, 3 Cir., 243 F.2d 675; Pearlman v. Commissioner of Internal Revenue, 3 Cir., 153 F.2d 560; United States v. Truax, 5 Cir., 223 F.2d 229; United States v. New, 7 Cir., 217 F.2d 166. Contra. Stern v. Commissioner of Internal Revenue, 6 Cir., 242 F.2d 322.

No useful purpose is served by consideration of the contrary views of other Courts of Appeals, since this Court is bound to follow the rulings of the 2nd Circuit Court of Appeals. Pepper & Potter, Inc. v. Local 977, U. A. W., D.C. S.D.N.Y., 103 F.Supp. 684; Lektophone Corp. v. Miller Bros. Co., D.C.Del., 37 F.2d 580; Edison Electric Light Co. v. Bloomingdale, C.C.N.Y., 65 F. 212. The determination of the conflict must await final disposition by the Supreme Court.

4. Rowen v. Commissioner of Internal Revenue, 2 Cir., 215 F.2d 641; United States v. Behrens, 2 Cir., 230 F.2d 504.

5. Rowen v. Commissioner of Internal Revenue, 2 Cir., 215 F.2d 641, 648. But cf. United States v. Bess, 3 Cir., 243 F.2d 675.

6. § 3670 Internal Revenue Code of 1939, 26 U.S.C.A. § 3670.

7. United States v. Behrens, 2 Cir., 230 F.2d 504. Since under New York law (N.Y. Insurance Law, McK.Consol.Laws, c. 28, § 166) the entire proceeds received by the beneficiaries were not subject to creditors' claims, the Court of Appeals in Behrens, while not stating so specifically, at least inferentially held, that federal law supervened state law insofar as it held that the cash surrender value was subject to the federal lien.

decided only on the basis of transferee liability under § 311. No consideration was given to liability which might be imposed by reason of § 826(c) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 826(c) or § 124 of the New York Decedents Estate Law, McK.Consol. Laws, c. 13 or any other theory of liability.

The plaintiff here occupied a dual role. She was the executrix of her husband's estate and also his sole beneficiary both under the will and of the insurance proceeds. The income taxes due for 1947 and 1948 were obligations at the time of the decedent's death.[8] Thus at the date of death the Government was a creditor to the extent of the unpaid income taxes for those years. As executrix the plaintiff was a fiduciary charged with certain duties with respect to the creditors.[9] She was under an obligation to reduce to possession all assets, whether tangible or choses of action, to which the estate was entitled. Included amongst the estate assets was the right to recover from insurance beneficiaries their proportionate share of the federal estate taxes which had been paid.[10] Here as already noted, those taxes had been paid out of the estate's current assets leaving no funds available for the payment of creditors' claims. The plaintiff, of course, was the sole person to whom the estate could look for the return of such moneys. Under this circumstance, it was her duty under § 826(c), particularly since she was personally liable for the estate taxes under § 827(b) of the Internal Revenue Code, 26 U.S.C.A. § 827(b), to pay into the estate her proportionate share of the taxes (in this case all)—just as it would have been her duty as executrix—had there been other beneficiaries, to sue to recover their proportionate share of the taxes.[11] This would have brought into the estate coffers the amount of the estate taxes, the payment of which had denuded the estate, and which was more than sufficient to meet the Government's claim as a creditor for the 1947 and 1948 income taxes.

I am of the view that if an executor fails to bring suit to recover from beneficiaries their proportionate share of the tax as authorized by § 826(c) and the estate had insufficient assets to discharge creditors' claims, whether for income taxes or otherwise, the creditors would be entitled to surcharge the executor upon an accounting.[12]

I am fortified in this view since New York State, independently of the right of action granted to an executor under § 826(c), grants him a similar right of action and in addition, imposes a positive duty upon him to bring such action to recover from beneficiaries the proportionate estate tax resulting from the amount of insurance received by the beneficiary and included in the gross estate.[13]

The only court which has had occasion to consider the problem reached a similar result and held the executrix liable for her late husband's income taxes even though the deficiencies were not discovered and assessed until long after his death—a situation stronger than the case at bar where the executrix was fully aware of the income tax delinquencies. United States v. Gilmore, 5 Cir., 222 F.2d 167, certiorari denied, 350 U.S. 843, 76 S.Ct. 84, 100 L.Ed. 751.

The Court of Appeals for the 5th Circuit in Gilmore predicated its conclusion, not on transferee liability under § 311,

8. Cf. Premier Oil Refining Co. v. United States, 348 U.S. 254, 75 S.Ct. 268, 99 L.Ed. 302.

9. Blood v. Kane, 130 N.Y. 514, 517, 29 N.E. 994, 15 L.R.A. 490.

10. § 826(c) of the Internal Revenue Code of 1939.

11. Cf. In re Bush's Will, 2 A.D.2d 526, 156 N.Y.S.2d 897, 900; In re Coffin's Will, Sur., 143 N.Y.S.2d 179; In re James' Estate, Sur., 86 N.Y.S.2d 78, 89; In re Lawrence's Estate, 162 Misc. 802, 295 N.Y.S. 930, 935.

12. Cf. McQuaide v. Perot, 223 N.Y. 75, 79, 119 N.E. 230; In re Donellan, Sur., 75 N.Y.S.2d 712, 717; In re Weinberg's Estate, 162 Misc. 867, 296 N.Y.S. 7, 19.

13. New York Decedents Estate Law, § 124.

but upon § 826(c) which it held created an express federal statutory duty of contribution by the insurance beneficiaries. The right to compel contribution from the beneficiaries under § 826(c) was deemed one of the assets of the estate, and liability was imposed upon the administratrix because of her primary duty to collect all the estate assets for the benefit of creditors. Her use and depletion of estate funds to pay the federal estate taxes, rather than to enforce as against herself the statutory right of contribution was a benefit to her to the extent she was personally liable, and a detriment to the estate, which precluded payment of the Government's claim for income taxes. So too in the instant case.

Accordingly, the plaintiff's motion for summary judgment is denied and the cross-motion made by the defendant is granted.

Settle order in accordance with the foregoing.