OPINION OF THE COURT
Bernard L. Reagan, S.
This proceeding is brought for construction of the will, as reformed, of Charles A. Dee, deceased, particularly with reference to the construction of paragraph "Fifth (a)” thereof which reads as follows: "(a) My Trustee shall distribute to or apply for the benefit of Mrs. Fenton C. Irving in each taxable year of the Trust during her lifetime an amount ('the annuity amount’) equal to nine percent (9%) of the initial net fair market value of the trust assets. The annuity amount shall be paid in equal quarterly installments from income, and to the *200 extent income is not sufficient, from principal, provided, however, that no quarterly installment shall be paid prior to the end of any quarter to which such payment relates. Any income of the Trust for a taxable year in excess of the annuity amount shall be added to principal. Upon the death of Mrs. Fenton C. Irving, my Trustee shall distribute all of the then remaining principal and income of the Trust, ('the balance’), other than any amount due Mrs. Fenton C. Irving, to the following charitable corporations for their general purposes”.
The defendant, Charles A. Dee, died testate on August 23, 1975. On October 8, 1975, the last will and testament of said decedent was duly admitted to probate by the Surrogate of the County of Onondaga and letters testamentary and of trusteeship were duly issued on said date to Francis A. Sullivan.
On July 30, 1976, the will of the decedent was reformed to create a charitable remainder annuity trust under section 664 (subd [d], par [1]) of the Internal Revenue Code (US Code, tit 26, § 664, subd [d], par [1]).
On the judicial settlement, the executor’s account reflects the trust was funded as of May 17, 1979. Most of the trust assets consisted of stocks and bonds.
On May 17, 1979, the executor’s account was approved by the court.
The question for the court to answer is as follows: For the purposes of determining Mrs. Irving’s annuity payment, should the trust assets be valued as of the date of Mr. Charles A. Dee’s death, August 23, 1975, as of the date of the funding of the trust, May 17, 1979, or at some other date?
In arriving at the answer the court must examine that maze or puzzle of the estate tax, the charitable deduction.
Since the death of the decedent, the value of the estate has risen substantially. This is primarily attributable to a rising stock market following the death of the decedent.
The beneficiary of the charitable remainder annuity trust, Mrs. Irving, is concerned that if date of death valuation is applied, she will fail to enjoy the substantial appreciation in value of the trust assets from date of death, August 23, 1975, to date the trust was funded, May 17, 1979.
The will is the governing instrument that the court must look to in order to determine the testator’s intention. (Matter of Watson, 262 NY 284, 293, 297.)
When the will was reformed by this court on July 30, 1976, *201 the will as reformed became the last will and testament of the testator, and the court need not look to the instrument as it existed prior to said reformation.
The court draws its attention to paragraph “Fifth (h)” in said will which reads as follows: “It is my intent to create a charitable remainder annuity trust under Section 664 (d)(1) of the Internal Revenue Code. Accordingly, this trust shall be interpreted, valued, managed and invested consistent with that intent.”
The trust is clearly a charitable remainder annuity trust. Without discussing the will in detail, suffice to say it conforms to section 664 (subd [d], par [1]) of the Internal Revenue Code.
A charitable remainder annuity trust must specify a sum certain to be paid at least annually which is equal to at least 5% of the initial net fair market value of the property placed in trust. (Internal Revenue Code, §664, subd [d], par [1], cl [A].)
The annuity amount must be paid regardless of the amount of trust income.
The sum certain may be expressed as a stated dollar amount or a fraction or percentage of the initial net fair market value of the trust property as finally determined for Federal tax purposes. (Federal Tax Regulations, 26 CFR 1.664-2 [a] [1] [ii], [in].)
Notwithstanding regulation 1.664-2 for purposes of sections 2055 (transfers for public, charitable, and religious uses) and 2106 of the Internal Revenue Code, a charitable remainder trust shall be deemed created at the date of death of the decedent (even though the trust is not funded until the end of a reasonable period of administration or settlement), if the obligation to pay the annuity amount with respect to the property passing in trust at the death of the decedent begins as of the date of death of the decedent, even though the requirement to pay such amount is deferred in accordance with the rules provided in regulation 1.664-1 (a) (5) (i). The amounts payable shall be retroactively determined by using the taxable year, valuation method, and valuation dates which are ultimately adopted by the charitable remainder trust, which would be date of death or alternate value.
The charitable remainder annuity trust offers the advantages of an assured distribution level and a single valuation. The annuitant is not, however, protected against inflation, and *202 any appreciation in the value of the trust property after the estate tax valuation date will inure exclusively to charity (Lewis, Estate Tax [4th ed], p 329). If this result were not desired the proper procedure would have been to set up a unitrust. While the rules to qualify for a tax deduction are practically the same with an annuity trust versus unitrust (cf. Internal Revenue Code, § 664, subd [d], pars [1], [2]), they do differ however, in that the unitrust offers the recipient some protection from inflation and a share of any appreciation.
It follows therefore, that if paragraph "Fifth (h)” of the will directs that a charitable remainder annuity trust be set up under section 664 (subd [d], par [1]) of the Internal Revenue Code, then to set up such a trust and qualify under section 664 (subd [d], par [1]) the remainder trust must first be determined for tax purposes.
The amount of the deduction for a bequest of the remainder interest in a charitable remainder annuity trust is the fair market value of the remainder interest at the death of the decedent or alternate valuation (Federal Tax Regulations, 26 CFR 20.2055-2 [f] [1]; Harris, Handling Federal Estate and Gift Taxes [Rasch 3d ed], p 390, par 295).
In the instant case, the charitable deduction for estate tax purposes was computed using date of death valuation for the stock assets.
The annuitant argues that the charitable remainder annuity trust may operate under different valuation formulas. Regulation 1.664-2 (a) (1) states the requirements for qualification as such, by requiring the payment of a sum certain at least annually. "Sum certain” is defined as a stated dollar amount, which "may be expressed as a fraction or a percentage of the initial net fair market value of the property irrevocably passing in trust as finally determined for Federal tax purposes” (Federal Tax Regulations, 26 CFR 1.664-2 [a] [1] [iii]).
The annuitant argues that the word "may” as expressed in this regulation permits one to use values other than "as finally determined for Federal tax purposes.” If the figure used for Federal tax purposes had to be used, the word shall or equivalent mandatory language would have been written in the statute.
The court interprets the word may as set forth in the above to mean that the stated dollar amount of the trust may be expressed as a fraction or a percentage, the permissive word *203 may giving a choice between applying a fraction or percentage of fair market value as determined for Federal tax purposes.
The annuitant also cites Matter of Bush (2 AD2d 526, affd 3 NY2d 908) for support of her position that valuation should be as of date of distribution. Bush reiterated general New York law by stating that date of distribution values are to be applied, unless will provisions express contrary intent.
The court in the instant case finds that the testator’s express intent was to create a charitable remainder annuity trust.
In computing the charitable deduction for estate tax purposes, date of death valuations were used. The fair market value of the charitable remainder interest is also calculated by using the same valuation (Federal Tax Regulations, 26 CFR 1-664-2 [c]).
Valuation of the annuity is, as a consequence, dependent on the valuation of the remainder interest (Federal Tax Regulations, 26 CFR 20.2031-10).
Thus, the court finds that the trust is to be valued by determining the fair market value at the date of death (since an alternate value was not used in this case [Federal Tax Regulations, 26 CFR 20.2055-2 (f) (1); 1.664-2 (c)]).
The court further finds that the major goal of the testator was to give the noncharitable beneficiary, Mrs. Fenton C. Irving, security and certainty in her annuity amount. The charitable remainder annuity trust was the vehicle utilized to achieve this result. If the testator intended that trust assets were to be valued according to a fluctuating market, he would have set up a charitable remainder unitrust.