UNITED STATES *v.* HOWELL and others.

*(Circuit Court, W. D. North Carolina.   October Term, 1881.)*

1. STATE EXEMPTION LAWS.
> State exemption laws are inapplicable to debts due from a citizen to the United States.

2. CASE STATED.
> Upon a return of no property found in excess of the homestead and personal property exemptions allowed by the constitution and laws of the state upon execution for any debt, on motion by the United States district attorney for an *alias* execution to be issued to the marshal, and for an order of court directing him to make a levy and sale of the property without regarding such exemptions, *held*, that he was entitled to the order asked for.

In this case an execution was issued upon a judgment obtained by the United States against the defendants upon a warehouse bond, and the marshal made return to this term of the court that no levy was made, as no goods

and chattels, lands and tenements of the defendants could be found in excess of the homestead and personal property exemptions allowed by the constitution and laws of the state upon execution for any debts. James E. Boyd, Esq., United States district attorney, made a motion for an *alias* execution to be issued to the marshal, and that he be directed by an order of court to make a levy and sale of the property of the defendants, without regarding such exemptions.

DICK, D. J. The constitution of this state, in article 10, §§ 1, 2, provides as follows:

"The personal property of any resident of this state, to the value of $500, to be selected by such resident, shall be, and is hereby, exempted from sale under execution, or other final process of any court, issued for the collection of any debt."

"Every homestead, and the dwelling and buildings used therewith, not exceeding in value $1,000, to be selected by the owner thereof, or in lieu thereof, at the option of the owner, any lot in a city, town, or village, with the dwelling and buildings used thereon, owned and occupied by any resident of this state, and not exceeding the value of $1,000, shall be exempt from sale under execution, or any other final process obtained on any debt. But no property shall be exempt from sale for taxes, or for payment of obligations contracted for the purchase of said premises."

Various laws have been enacted by the state legislature for the purpose of securing and carrying out these constitutional provisions. It has been decided by the supreme court of the United States, in *Edwards* v. *Kearzey*, 96 U. S. 595, and subsequently by our state supreme court in *Earle* v. *Hardie*, 80 N. C. 177, that the second section of article 10 of the state constitution of 1868, which exempts from execution real property of a resident debtor, not exceeding in value the sum of $1,000, is void against pre-existing debts, being in contravention of the constitution of the United States, which inhibits a state from passing a law impairing the obligation of contracts.

In *Lamb* v. *Chamness*, 84 N. C. 379, it is decided that the homestead of a defendant bankrupt is protected from sale under execution by operation of the amendment to the bankrupt act of 1873, without regard to the date of the judgment lien. After many elaborate arguments and decisions in the courts, and with the aid of frequent legislative enactments, the rights of homestead and personal property exemptions provided for in the state constitution are well defined and established as to debts due to individual creditors.

Every resident debtor is secured in these rights against sale under execution founded on a judgment obtained in any state or federal court on any debts contracted since the adoption of the state consti-

tution, except for taxes and the purchase money of land claimed as a homestead. I am inclined to think that this constitutional provision was intended to apply only to debts arising in the relation of individual debtor and creditor, and did not contemplate debts due to the state or the United States.

I am not aware of any decision of the state supreme court upon this subject, and I will not express a decided opinion as to how far these constitutional exemptions apply to debts due to the state. I fully recognize the doctrine that the federal courts are bound to accept as correct the decisions of the state courts upon all questions arising under the state constitution and laws, when no question of national rights and authority is involved.

In the course of my argument I feel that I can with propriety express the inclination of my opinion, as, from observation and experience, I am familiar with the history of the situation, condition, and feelings of the people of the state, and the purposes they had in view at the time they formed and adopted the state constitution of 1868. They had just emerged from a disastrous civil war, which had resulted in the loss of most of their property, and they were greatly embarrassed by indebtedness to individual creditors, and they desired to secure their homestead and household effects, which were to them necessaries of life, from the ruinous consequences of sale under execution. Previous to the adoption of the constitution various statutes had been passed by the legislature of the state to stay proceedings in the courts, and to postpone sales of property under executions upon judgments which had been or might be obtained.

In interpreting and construing this article of the constitution I think that I can make the reasonable inference that the intent of the people, in the exercise of their rights of sovereignty in framing their organic laws, was permanently to secure their homes and the necessaries of life against the eager grasp of individual creditors. This intent is made still more manifest by the uniform course of subsequent legislation upon this subject, as legislative action is generally an index of popular feeling and sentiment. There is a striking analogy and generally an entire harmony between the rules of interpretation of constitutions and those of statutes. The first and fundamental rule in relation to the interpretation of all instruments applies to a constitution; that is, to construe them according to the sense of the terms and the intention of the parties. Potter's Dwarris, 655.

In considering the language of the constitution, the condition of

the country at the time when adopted, and the various circumstances which clearly indicate public sentiment, I am strongly inclined to the opinion that the exemption provisions do not, and were not intended to, apply to debts due the state or the United States. But, independent of these rules of interpretation and construction which related to the *intent* of the framers of the constitution, there is an old and well-established rule of law that governs this question. When general words are used in a statute they do not include the government, or affect its rights, unless such intention is made clear and indisputable by express words in the statute. This doctrine is fully announced and acted upon by the supreme court, in considering the rights of the United States under the bankrupt act, in the case of *U. S.* v. *Herron*, 20 Wall. 251.

There are other well-settled principles of law, which, I think, are conclusive upon this subject. The state constitution extends to all the subjects of government within its territorial limits, except those which have been ceded to the supreme and exclusive control of the national government. "The sovereignty of the United States and of the several states are distinct and independent of each other within their respective spheres of action, though both exist within the same territorial limits." The national government, though limited as to its objects, is supreme as to those objects, and any state law in conflict with the rights and powers of the national government is inoperative to the extent of such interference. The national government, in the exercise of its legitimate powers, has devised and adopted a system of internal revenue, and no state convention or legislature can impede and obstruct the free course and accomplishment of those measures, as they are essential to the important objects for which the national government was established. *Bank of Commerce* v. *N. Y. City*, 2 Black, 620.

The principles of law upon this subject are well settled, and need no further statement or discussion. I think I may state as correct the general proposition that state exemption laws cannot apply to any debt, obligation, duty, or liability due from a citizen to the United States. Exemption laws are generally prompted by a spirit of generosity and humanity, and when confined to reasonable limits I regard them as establishing a wise and beneficent public policy in securing to unfortunate debtors and their families the necessaries of life, and thus in some degree enabling them to follow the pursuits of industry which are necessary to the existence and well-being of every community. Most of the states have adopted this wise and humane

policy, which is in accordance with the liberal and enlightened spirit of the age.

In section 3187 of the Revised Statutes provision is made for exempting certain property from distraint for internal-revenue taxes, and I think that these exemptions might well be extended to all the debts due the United States upon collections made under execution; but this is a matter for the consideration and action of congress, and not for judicial liberality, as the courts must construe and enforce the law as it is written.

The district attorney may draw the order requested in his motion.