### KIEFERDORF v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 10484.

Circuit Court of Appeals, Ninth Circuit.

May 6, 1944.

Rehearing Denied June 2, 1944.

G. D. Schilling and Kenneth M. Johnson, both of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott and Maryhelen Wigle, Sp. Asst. Attys. Gen., for respondent.

Before GARRECHT, DENMAN, and MATHEWS, Circuit Judges.

GARRECHT, Circuit Judge.

The question here is whether petitioner is liable as a transferee under Section 311 of the Internal Revenue Code, Title 26, U.S.C.A. Int.Rev.Code, § 311, for income taxes due from the decedent whose estate is insolvent by reason of petitioner's receipt of insurance proceeds under a California statute authorizing the probate court to set over to the surviving spouse all or any part of the property of the decedent "exempt from execution". The insurance proceeds were payable to the estate and were property "exempt from execution" under California law.

The facts were found to be as stipulated. W. J. Kieferdorf, a resident of California, died testate December 3, 1939 and left his widow, May R. Kieferdorf, the petitioner, and minor children surviving. A family allowance of $250 per month during the settlement of the estate was paid.

The executor filed an income tax return covering income received by the decedent

from January 1, 1939 to December 3, 1939. No payment was ever made on the taxes. Notice and demand for payment of this income tax payment was served on the executor June 1, 1940, and again July 31, 1940.

An order was made April 24, 1940, setting apart to May R. Kieferdorf and her children $11,914.52 as property in the estate exempt from execution under California law, being the proceeds of insurance policies.

The executor was discharged October 9, 1940. All assets were disposed of, leaving unpaid federal and state taxes and other claims.

On September 21, 1941 the tax liability was assessed against the petitioner as transferee of the assets of the estate of W. J. Kieferdorf. The petitioner paid the taxes, and later filed a petition for relief from this assessment and for refund of the amount paid.

The petitioner bases her review in this court on the ground that the insurance moneys were ordered paid to her from her husband's estate, in probate, by virtue of section 660[1] of the California Probate Code authorizing the Superior Judge, in his discretion, to make such disposition of such moneys, and were not distributed to her under the statute for distribution of personal property of an intestate defendant. Since she is not a distributee under the

California statutes for distribution of personal property of an intestate decedent, she claims she is not a transferee within the meaning of Section 311(a) (1), (f) [2] of the Revenue Code.

The petitioner cites the statement of this Court in Parrott Estate Co. v. McLaughlin, 9 Cir., 89 F.2d 188, 190, in support of her contention that she is not a distributee under the California law. In that case we defined the word "distributee" as used in Section 703 of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 467, to mean "one entitled to the personal property of an intestate under the laws of distribution."

We do not agree that the word "distributee" as used in section 311 (a) (1) and (f) of the Internal Revenue Code has the limited meaning of that word held by us in construing its use in section 703 of the Act of 1928.

Treasury Regulations 94 for the Act of 1936, at page 440, defines the terms "transferee" and "distributee" as follows:

"The term 'transferee' as used in this section includes an heir, legatee, devisee, distributee of an estate of a deceased person, the shareholder of a dissolved corporation, the assignee or donee of an insolvent person, the successor of a corporation, a party to a reorganization as defined in section 112, *and all other classes of distributees*." [Emphasis supplied]

---

[1] Section 660 of the Probate Code of California reads:

"§ 660. Possession before inventory: Setting aside homestead.

"The decedent's surviving spouse and minor children are entitled to remain in possession of the homestead, the wearing apparel of the family, the household furniture and other property of the decedent exempt from execution, until the inventory is filed. Thereupon, or at any subsequent time during the administration, the court, on petition therefor, may in its discretion set apart to the surviving spouse, or, in case of his or her death, to the minor child or children of the decedent, all or any part of the property of the decedent exempt from execution, and must set apart to such spouse or to such minor child or children the homestead selected, designated and recorded, if such homestead was selected from the community property, or from the separate property of the person selecting or joining in the selection of the same."

The insurance moneys are made exempt

by section 690.19 of the California Code of Civil Procedure.

[2] Section 311(a) (1) and (f) provides:

"(1) Transferees. The liability, at law or in equity, of a transferee of property of a taxpayer, in respect to the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter.

* * * * *

"(f) Definition of 'Transferee'. As used in this section, the term 'transferee' includes heir, legatee, devisee, and distributee." 26 U.S.C.A. Int.Rev.Code, § 311.

Section 1001 (b) of the 1936 Act, 26 U.S.C.A. Int.Rev.Code, § 3797(b), defines the word "includes" appearing in 311(f) of the Revenue Act of 1936, which reads the same as Section 311(a) (1), (f) of the Revenue Code:

"(b) the terms 'includes' and 'including' when used in a definition contained in this Act shall not be deemed to exclude other things otherwise within the meaning of the term defined."

Subsequent to this very broad interpretation of the word "distributee" by the regulations of 1936, Congress reenacted section 311 (a) (1) and (f) in identical words in the Revenue Act of 1938 and succeeding Acts. The interpretation of the statute is binding upon us. National Lead Co. v. United States, 252 U.S. 140, 146, 40 S.Ct. 237, 64 L.Ed. 496. We are of the opinion that the order by which the insurance moneys are "set apart to the surviving spouse" is such a transfer and distribution to her as to constitute her a transferee within the Treasury Regulation, supra.

Petitioner also argues that when the court makes its order the order is a mere recognition of a vested right—that is, at all times she had the same vested interest in the insurance moneys that a wife has in the community property, and hence she owns the moneys at her husband's death just as she owns her community interest.

The community interest is owned by the wife without any order setting it aside to her. The insurance moneys are the property of the estate and in the absence of such an order distributing the insurance proceeds to her would continue to be the property of the estate. The administrator collects the insurance after the death of the husband and it never comes into the wife's possession. She can obtain possession and ownership of the insurance proceeds only through a court order.

Furthermore, it is the opinion of this court that in the last analysis the Federal Government can collect the taxes due whether the petitioner is a transferee under the California law or not on the principle that the California law cannot create exemptions from execution or attachment for the collection of Federal taxes.

An early case, United States v. Howell, C. C., 9 F. 674, held that state exemption laws were inapplicable to debts due from a citizen of the United States. The Government has relied on Peyton v. Commissioner of Internal Revenue, 44 B. T. A. 1246, which does not decide the issue in question here, but states:

" * * * Also, it is immaterial here that the petitioner was a special beneficiary and the residuary estate was more than sufficient to pay the income tax. The petitioner and the residuary beneficiary each received a part of the estate and thereby became liable as transferees. * * * "

The question of whether a tax lien should be enforceable against the homestead of the taxpayer was before the court in Staley v. Vaughn, Tex.Civ.App., 50 S.W.2d 907, 912. The court said:

" * * * but we have concluded that the lien of the government for the delinquent income taxes having been fixed according to the act of Congress, was valid; that appellee was the owner of such lien and subrogated to the rights of the government thereunder.

"If the state of Texas can by its Constitution and laws exempt the homesteads of the citizens from the income tax lien created by Congress against delinquent income tax payers, we see no reason why it could not, by amendment, exempt all the property of its citizens from such lien, and thereby protect its citizens from the forced payment of income taxes. If Texas has this authority, all the states of the Union have the same power, and could effectually defeat the government in the collection of income taxes."

By way of analogy, there is Pond et al. v. United States, 9 Cir., 111 F. 989, an early California case which involved a state statute providing that on the death of a defendant in a pending action the plaintiff must present a claim for allowance or rejection to the executor or administrator within a stated time. It was held that this statute did not apply to the Federal Government as rights in governmental matters prescribed by federal statutes are not affected by state enactments. Analogous, also, is the principle that state statutes of limitation do not bar the Government as to any claim of a federal nature.

The rules of decision laid down by the state courts with regard to rules of property, or statutes respecting the same, while generally controlling upon federal courts, do not govern in the interpretation of income tax laws. See Paul & Mertens on Law of Federal Income Taxation, Volume 5, Section 53.38.

In Letts, Jr., v. Commissioner of Internal Revenue, 30 B. T. A. 800, the question was what proportion of a taxable gain realized by the trustees would be taxable to the petitioner. The Board of Tax Appeals held that such gain is that portion of the income which was distributable to petitioner under the terms of the trust. In determining the distributable or non-

distributable character of the gain, the court said:

"Although the law of California, which controls the administration of this trust, concludes us as to the amount of the trust income distributable to this petitioner, * * *, its character for Federal income tax purposes and the resulting tax thereof, in the absence here of other intention expressed therein, is controlled by the Federal Revenue Act basing the present disputed tax. [Cases cited.]"

Affirmed.