PEARLMAN v. COMMISSIONER OF INTERNAL REVENUE.

No. 8951.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 7, 1945.

Decided Jan. 30, 1946.

---

Morris Wolf, of Philadelphia, Pa.(Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa., on the brief), for petitioner.

Bernard Chertcoff, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before BIGGS, GOODRICH and Mc-LAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

A taxpayer dies, owing the United States an unpaid balance on income taxes for several years.[1] During these years, the taxpayer was insolvent. He had a number of life insurance policies which had been issued to him prior to insolvency. After he became insolvent and up to the time of his death, he continued to pay the premiums on the policies. At the time of death the policies were held by the various insurance companies under settlement agreements by which the proceeds were held to make specified payments to the insured's wife and, upon her death, to his children. The Commissioner now seeks to hold the widow as transferee[2] for the income tax deficiencies of her deceased husband. The husband was domiciled in Pennsylvania up to his death; the wife's domicil remains here. There is no disputed question of fact. The interesting and important legal question presented seems to be one of first impression.

Does the answer turn upon the application of Pennsylvania law? The Tax Court thought so, and the argument for the taxpayer is largely devoted to the proposition that the Tax Court was mistaken in what it found Pennsylvania law to be. The Commissioner's argument says the Tax Court had its Pennsylvania law correct, but that the case does not turn on that. The Pennsylvania statutes exempting life insurance are not pertinent, it is said: the liability of a transferee to respond to the United States upon a claim for income taxes asserted against his transferor is not one which has its roots in local law.

The parties here and the decisions generally agree that the transferee provi-

---

[1] The taxpayer was contesting the government's claim at the time of his death. No personal representative was appointed and, after a time, the petition for re-determination was dismissed for want of prosecution. It is, therefore, necessarily assumed that the claim as the Commissioner made it is correct.

[2] Internal Revenue Code § 311(a) (1), 26 U.S.C.A. Int.Rev.Code, § 311(a) (1) "Transferred Assets" "Transferees". "The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter."

Treasury Regulation 103, § 19.311-1 "Claims in cases of transferred assets."

"The term 'transferee' as used in this section includes an heir, legatee, devisee, distributee of an estate of a deceased person, the shareholder of a dissolved corporation, the assignee or donee of an insolvent person, the successor of a corporation, a party to a reorganization as defined in section 112, and all other classes of distributees."

Internal Revenue Code § 1119(a), 26 U.S.C.A. Int.Rev.Code, § 1119(a) "Provisions of special application to transferees." "Burden of proof." "In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax."

sions of the Internal Revenue Code neither create nor affect the transferee's liability but only provide an administrative remedy to enforce it. The former method of enforcement by suit is still available. Phillips v. Commissioner, 1931, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Phillips-Jones Corp. v. Parmley, 1937, 302 U.S. 233, 58 S.Ct. 197, 82 L.Ed. 221. The sections in question do not settle nor even bear upon the question whether the transferee's liability for transferor's unpaid income tax comes from state statutes and decisions or whether it is one upon which the federal courts may fashion the law from more general considerations.

There is no conclusive authority to be found in the decided cases. The Supreme Court noted and reserved the question in the Phillips case, supra, 283 U.S. 589, at 602, 51 S.Ct. 608, 75 L.Ed. 1289,[3] and has not considered it since. The most recent decision upon the point is in the Second Circuit where it is squarely held after thoughtful consideration, that the question is one of federal law.[4] The Seventh Circuit has held the same way in a case where the law was being urged by the Commissioner.[5] One decision in the Fifth Circuit has said that state law controls, relying upon the earlier decisions in the Second Circuit, now superseded.[6] And the Sixth Circuit has said state law governs, relying upon authorities which do not seem to us to be in point.[7]

On principle the question seems to us clearly one to be answered without reference to state law limitations. It would not be disputed that, in general, the imposition and collection of federal income tax is a federal function. One of the questions arising from such an undertaking is the determination of when B is to be liable to pay a tax assessed against A. The Congress could, no doubt, have left this question to be variously determined by the laws of the respective states if it had so desired. But in the absence of a clearly expressed

intention to do so, we should not infer it, for such variation does not fit into a uniformly applied system of federal taxation. The administration of its taxing laws is as clearly a function of the federal government as the making of contracts, and the issuing of checks and warrants in payment of its obligations, matters in which the Supreme Court has recently held that the state law does not control. Clearfield Trust Co. v. United States, 1943, 318 U.S. 363, 63 S. Ct. 573, 87 L.Ed. 838; United States v. County of Allegheny, 1944, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209; National Metropolitan Bank v. United States, 1945, 323 U.S. 454, 65 S.Ct. 354.

Once the problem is removed from state statutes and decisions there is no question made of the liability of this taxpayer as transferee. Indeed it is conceded by taxpayer that without the Pennsylvania statute exempting the proceeds of insurance policies, there is no defense to liability.

The Tax Court, treating the question as one to be settled by Pennsylvania law, reached the conclusion that under it, the widow was liable as transferee. It is on this conclusion that most of the petitioner's artillery has been trained. The statutes concerned are the Act of April 26, 1923, P. L. 104, 40 P.S. § 514; Act of June 28, 1923, P.L. 884, 40 P.S. § 517. Applying the statute but in a way unfavorable to the petitioner's contention here is Fidelity Trust Co. v. Union Nat. Bank, 1933, 313 Pa. 467, 169 A. 209. It is argued that the teeth of this decision have been drawn by later Pennsylvania cases applying the statute, and that the sum total of these later cases is to overrule the Fidelity Trust case, even though the Pennsylvania court has not done so expressly. The decisions relied upon are: Stutzman v. Fidelity Mut. Ins. Co., 1934, 315 Pa. 47, 172 A. 302; Potter Title & Trust Co. v. Fidelity Trust Co., 1934, 316 Pa. 316, 175 A. 400; Provident Trust Co. v. Rothman, 1936, 321 Pa. 177, 183 A. 793, 104 A.L.R. 1275; New-

---

3 Hulburd v. Commissioner, 1935, 296 U.S. 300, 56 S.Ct. 197, 80 L.Ed. 242, cited by the taxpayer, we do not think is in point. The question was how long a man was an executor, and this was determined by the law of his appointment.

4 Commissioner v. Western Union Tel. Co., 2 Cir., 1944, 141 F.2d 774. The court discusses two of its earlier decisions in which the question was said, rather than concluded, to be settled by municipal

law. Hatch v. Morosco Holding Co., Inc., 2 Cir., 1931, 50 F.2d 138; Harwood v. Eaton, 2 Cir., 1933, 68 F.2d 12. Note the careful reservation of the point by L. Hand, concurring.

5 Commissioner v. Keller, 7 Cir., 1932, 59 F.2d 499.

6 Liquidators of Exchange Nat. Bank v. United States, 5 Cir., 1933, 65 F.2d 316.

7 Botz v. Helvering, 8 Cir., 1943, 134 F. 2d 538.

man v. Newman, 1938, 328 Pa. 552, 196 A. 30.

We have examined these decisions. They are discussed fully in the opinion of the Tax Court; they are set out in detail and argued about in the briefs for both parties here. We do not think any useful object would be served by discussing each of them successively. It may be agreed that the course of decision is not sun clear. But at that we are not convinced that the Fidelity Trust decision has been overruled by the Pennsylvania Supreme Court.

Whether the reliance is placed on general law as declared by federal courts, or on Pennsylvania law, we think the conclusion of the Tax Court must stand. We prefer to rest the decision, however, on the wider ground, already indicated, that the is a federal tax question to be decided on general law and not subject to the limitations in the law of any state.

The decision of the Tax Court is affirmed.