Eleanor Neely v. Commissioner. Peoples First National Bank and Trust Company (Trustee) v. Commissioner.
Neely v. Commissioner
Docket Nos. 16477 and 19515.
United States Tax Court
1949 Tax Ct. Memo LEXIS 113; 8 T.C.M. (CCH) 698; T.C.M. (RIA) 49188; August 10, 1949
*113 John D. S. Truxall, Esq., for the petitioners. George C. Lea, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined that the petitioners are liable as transferees for income taxes of Edwin S. Neely, deceased, for 1944 in the amount of $585.63, plus interest. The only issue is whether the Commissioner has shown transferee liability. The facts have been stipulated. [The Facts] Edwin S. Neely, brother of Eleanor, died on January 2, 1946, while residing in Pittsburgh, Pennsylvania. He was survived by his widow, Mary M. Neely. His income tax return for 1944 was filed with the collector of internal revenue for the twenty-third district of Pennsylvania. The Commissioner, after the death of Edwin, determined a deficiency of $585.63 in his income tax for 1944, all of which, with interest, is still due and owing. The personal estate of the decedent was insufficient to pay his widow's exemption, funeral expenses, and administration expenses. The decedent, at the time of his death, owned with his wife as tenants by the entirety, a property in Allegheny County, Pennsylvania, worth $12,000 encumbered by a mortgage for about *114 $6,500. The decedent had purchased the property. The decedent executed a deed for an unfunded life insurance trust on August 26, 1939, naming the petitioner bank as trustee. It provided that the trustee should, at the death of Edwin, collect the insurance on his life and hold it upon specified trusts. Edwin was to pay the premiums on the policies mentioned in the deed. Edwin reserved the right to revoke, alter, or amend, the trust instrument and all rights over the policies. He made five policies of insurance on his life payable to the trustee and deposited them with the trustee. Edwin amended the trust on December 1, 1945, to provide that the trustee pay Eleanor from the insurance proceeds $3,000 absolutely and all of the income from the remainder of those proceeds for her life. There was no consideration for the above deeds except the agreement of the trustee to act. The proceeds of the policies in the amount of $23,520 were paid to the trustee after the death of Edwin and it paid $3,000 to Eleanor at once and thereafter $2,400 annually. [Opinion] Neither party makes any point of the real estate held by the entireties. The Commissioner relies upon Christine D. Muller, 10 T.C. 678, *115 in which the facts are not distinguishable in principle from those here present. The Court held that transferee liability existed and the Commissioner could follow the property of the taxpayer, including the proceeds of life insurance, into the hands of those to whom he had provided it should go, in order to collect taxes lawfully due from the transferor. That case will be followed here. Decisions will be entered for the respondent.