## UNITED STATES v. GODDARD.
### Civ. No. 4579.

United States District Court
W. D. New York.
July 22, 1952.

George L. Grobe, U. S. Atty. (James R. Privitera, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for plaintiff.

J. Eugene Goddard, of Rochester, N. Y., for defendant.

BURKE, District Judge.

After due consideration I do hereby make the following:

### Findings of Fact.

1. This action has been authorized by the Commissioner of Internal Revenue of the United States Treasury Department and is brought under the direction of the Attorney General of the United States.

2. The defendant resides in Rochester, Monroe County, New York.

3. Mark G. Goddard, the husband of the defendant, died September 27, 1943.

4. An individual income and victory tax return of the income of Mark G. Goddard for the period January 1, 1943 to September 27, 1943 was filed on March 14, 1944 by the executor of the estate of Mark G. Goddard. The said return showed a tax of $1281.45.

5. On May 22, 1944 the Commissioner of Internal Revenue assessed said amount of $1281.45 with interest at $8.15, making a total assessment of $1289.60.

6. The estate of Mark G. Goddard is entitled to a credit upon said assessment of $29.43, leaving a balance of $1260.27, no part of which has been paid.

7. Mark G. Goddard left an estate of the value of approximately $94,097.31 and debts of not less than $133,580.75.

8. At the time of his death and prior thereto, Mark G. Goddard did not have sufficient property and things of value to pay his debts, liabilities and obligations and was insolvent.

9. At all times after his death there was insufficient property and things of value in his estate to pay all of his debts and the estate was insolvent.

10. Lillian B. Goddard, the defendant herein, was the beneficiary named in Policy No. 9906758 issued by the Prudential Insurance Company of America on the life of Mark G. Goddard in the face amount of $25,000. She received as the proceeds of

said policy the total amount of $25,057.79 which included $57.79 as interest, upon the death of her husband. She received nothing of any value from the estate of her husband since all of his assets other than the aforementioned insurance policy were pledged as collateral security for various loans.

11. Mark G. Goddard had paid all of the premiums on the policy.

### Conclusions of Law.

1. Section 166 of the New York Insurance Law, McK.Consol.Laws, c. 28, is ineffective to exempt the proceeds of Policy No. 9906758 issued by the Prudential Insurance Company of America, and paid to the defendant, from the claim of the United States for the unpaid income tax and victory tax owed by Mark G. Goddard for the period January 1, 1943 to September 27, 1943.

2. The defendant as transferee of the proceeds of said policy is liable under Sec. 311 of Title 26 U.S.C.A. for the unpaid amount of said tax in the amount of $1260.-27 with interest from May 22, 1944. Pearlman v. Commissioner, 3 Cir., 153 F.2d 560; Kieferdorf v. Commissioner, 9 Cir., 142 F. 2d 723.

3. The plaintiff is entitled to judgment against the defendant for $1260.27 with interest from May 22, 1944. No costs.