## UNITED STATES v. NEW.
### Civ. No. 52 C 335.

United States District Court,
N. D. Illinois, E. D.
March 25, 1954.

Robert Tieken, U. S. Atty., Chicago, Ill., for plaintiff.

Addis E. Hull, Johnston, Thompson, Raymond & Mayer, Chicago, Ill., for defendant.

SULLIVAN, District Judge.

Upon the death of Herbert Fried in 1948, his widow, defendant here, became entitled as beneficiary to $12,597.70, the proceeds of a life insurance policy owned by him. Fried had at all times the right to change the beneficiary. It is conceded in the pleadings that Fried owed income taxes in excess of this amount, and that he was insolvent at the time of his death. The estate was unable to make more than a partial payment toward the income tax obligation.

This is an action by the United States to recover the unpaid taxes from the widow to the extent of the proceeds of this insurance policy. The case is now before the court on plaintiff's motion for summary judgment. The facts are not in dispute, and the defendant does not argue that a summary judgment may not be entered.

Defendant states that plaintiff has failed to reveal its source of authority for bringing this action, and points out that this is not a suit under Section 311 of the Internal Revenue Code, Title 26 U.S.C.A. § 311. That section provides that the "liability, at law or in equity, of a transferee of property of a taxpayer" shall be assessed and collected in the same manner as in the case of a deficiency against the original taxpayer. It has been held many times that this section merely gives the United States a streamlined method for the enforcement of a liability which already existed, and which continued to exist independent of the statute: Phillips v. Commissioner of Internal Revenue, 1931, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; United States v. Fisher, D.C.1944, 57 F.Supp. 410; Pearlman v. Commissioner of Internal Revenue, 3 Cir., 1945, 153 F.2d 560; Mertens, "Law of Federal Income Taxation," Vol. 9, Page 494; "Technical Aspects of Transferee Liability," by John Fager, New York University Tenth Annual Institute on Federal Taxation (1952), Pages 697, 700, 701.

The authorities just cited make it clear that the statutory remedy is not exclusive but cumulative. The government may proceed under Section 311, or it may pursue its equitable remedy of tracing transferred assets of an insolvent debtor. Although the statutory remedy is most frequently used, the government is under no obligation to elect it, and suits on the "trust fund" theory are not uncommon. United States v. Fisher, D.C. 1944, 57 F.Supp. 410.

Under the latter theory, it must be shown that there has been a transfer of assets by the debtor without full consideration, which leaves him unable to satisfy his creditors (Fager, supra, Page 705; Mertens, supra, Pages 494 and 500). Defendant contends that even if there was a transfer here, it is exempt under an Illinois statute relieving the proceeds of life insurance payable to a widow, Ch. 73, § 850, Ill.Rev.Stat., from the claims of creditors in situations in which they would otherwise be subject to such claims, Ch. 59, § 4, Ill.Rev.Stat. It is almost universally held that state statutes of this nature (whether called "exemption" statutes or by some other name) are not applicable to a suit by the United States for income taxes. Smith v. Donnelly, D.C.1946, 65 F.Supp. 415, 418; United States v. Goddard, D.C.1952, 111 F.Supp. 607; Muller v. Commissioner of Internal Revenue, 1948, 10 T.C. 678, 680.

Defendant next contends that any remedy available to the Government must be based on the law of Illinois, and that she is not a "transferee" under that law. Without making any finding as to whether the law of Illinois is as set forth by the defendant, it is my opinion that it does not govern in this situation. This appears to be the better view. Muller v. Commissioner of Internal Revenue, supra; Commissioner of Internal Revenue v. Western Union Telegraph Co., 2 Cir., 1944, 141 F.2d 774, 778; Commissioner of Internal Revenue v. Keller, 7 Cir., 1952, 59 F.2d 499, 501; Kieferdorf v. Commissioner of Internal Revenue, 9 Cir., 1944, 142 F.2d 723, 725.

The rationale of these cases is explained in Pearlman v. Commissioner of Internal Revenue, supra:

"On principle the question seems to us clearly one to be answered without reference to state law limitations. It would not be disputed that, in general, the imposition and collection of federal income tax is a federal function. One of the questions arising from such an undertaking is the determination of when B is to be liable to pay a tax assessed against A. The Congress could, no doubt, have left this question to be variously determined by the laws of

the respective states if it had so desired. But in the absence of a clearly expressed intention to do so, we should not infer it, for such variation does not fit into a uniformly applied system of federal taxation. The administration of its taxing laws is as clearly a function of the federal government as the making of contracts, and the issuing of checks and warrants in payment of its obligations, matters in which the Supreme Court has recently held that the state law does not control." 153 F.2d at page 562.

In accordance with these authorities, the question of whether or not defendant is a "transferee" will be determined by federal law. The few cases in point seem to require the holding that she is.

The Kieferdorf case, supra, held that an order of a California court distributing insurance proceeds to the widow and leaving the estate insolvent was a transfer of assets to her rendering her liable for decedent's unpaid income taxes. In the Pearlman case, the proceeds of several insurance policies were paid to the widow as beneficiary, and the taxpayer was insolvent at his death. After holding that a state exemption law did not apply, the court said:

"Once the problem is removed from state statutes and decisions there is no question made of the liability of this taxpayer as transferee. Indeed it is conceded by the taxpayer that without the Pennsylvania statute exempting the proceeds of insurance policies, there is no defense to liability." 153 F.2d at page 562.

The Tax Court has cited the Pearlman and Kieferdorf cases in a line of decisions directly in point. In Muller v. Commissioner of Internal Revenue, 1948, 10 T.C. 678, that Court upheld the determination of the Commissioner that a widow was liable as transferee for the income taxes of her deceased husband. Petitioner received pension payments from the State of New York and was the beneficiary of insurance policies. The opinion is in part as follows:

"The petitioner contends that the $22,000 which she received from the State of New York under its employee pension system was exempt from execution under section 166 of the insurance laws of the State of New York [McK.Consol.Laws, c. 28]. She also argues that she was not a 'distributee' of either asset. The respondent contends that the exemptions relied upon were taken away by section 249–kk of the tax law of the State of New York [McK. Consol.Laws, c. 60], whereas the petitioner replies that the latter section took the exemption away only for the purpose of the New York inheritance tax. It is unnecessary to decide those questions, because it has been held that a person in the position of this petitioner is a transferee and the Federal Government can follow this property of a transferor, including the proceeds of life insurance, into the hands of such a person for the purpose of collecting taxes lawfully due from the transferor, without regard to the limitations of state law. Pearlman v. Commissioner [3 Cir.], 153 F.2d 560; Kieferdorf v. Commissioner [9 Cir.], 142 F.2d 723; certiorari denied 323 U.S. 733 [65 S.Ct. 69, 89 L.Ed. 588]. The amount received by this petitioner is in excess of the transferee liability." 10 T.C. at page 680.

The opinion in Ruth Rowen, 1952, 18 T.C. 874, 881, gives the facts and holding briefly:

"The pertinent facts are these: The decedent died insolvent, the estate assets consisting of no more than $25, and among its liabilities the Federal income taxes and additions thereto totaling $401,507.50; the decedent had insurance on his life and from these policies, the petitioners, as named beneficiaries, received more than $25,000 upon the death of Louis Halle; the decedent had the right to change the beneficiaries in these policies at the time of

**315**

his death. *These facts, we think, contain the elements essential to tranferee liability* as provided under Sec. 311 of the Code. The liability on the petitioners herein is an equitable one just as in Christine D. Muller, 10 T.C. 678. Petitioners are unable to distinguish Christine D. Muller and we have in effect, been asked to overrule our decision there. We are not so inclined; the case and the authorities cited therein dispose of this issue. \* \* \* The petitioners are liable as transferees of Louis Halle to the extent of the proceeds of life insurance received by them \* \* \*" (Italics added.)

The Muller case was followed again in Eleanor Neely, 1949, 8 T.C.M. 698, since the court found the facts indistinguishable. These facts again resulted in transferee liability in Marjorie U. Sullivan, 1950, 9 T.C.M. 2. The same conclusion was reached in United States v. Goddard, 1952, 111 F.Supp. 607, by the District Court for the Western District, New York.

While these cases might be regarded as not decisive, I feel that the conclusion reached in them is a sound one. From the point of view of public policy, the collection of federal income taxes must be regarded as important, and uniformity of collection equally so. A contrary holding would give an advantage to holders of insurance policies over those whose taxes have been withheld.

■■ Quite aside from such arguments, the elements of transferee liability are clearly present here. "A transferee has been judicially defined as 'one who takes the property of another without full, fair and adequate consideration therefor, to the prejudice of creditors' ". Mertens, supra, Page 500. It is not argued that defendant gave anything of value, and it is apparent that creditors have been prejudiced. Defendant argues that there is no transfer from decedent to defendant. It is true that the insurance fund is not in existence and not payable until the death of the insured, and that death is not a voluntary act aimed at the

creation or transfer of such a fund. Nevertheless, the insured during his life had bargained for and had created a contractual obligation on the part of the insurance company to pay an agreed sum to his designee. While death is not normally voluntary, it is certain, and the contract is therefore not one of indemnity nor a lottery. The insured knew that the agreed sum would be paid and had the privilege of disposing of it. At the moment he took the policy, he had a choice of whom to designate as beneficiary. He could name his estate or an individual, and since he retained the right to change the beneficiary, he could change this original designation at any time. The selection of an individual beneficiary is in itself a transfer from the insured's estate to the individual. The fact that the benefits of this transfer will not be paid until some time in the future does not change its nature.

Summary judgment will be entered against the defendant for $12,597.70, the amount of the proceeds of Policy No. 783299 of the New England Life Insurance Company.