**TYSON**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 11997.**

United States Court of Appeals Sixth Circuit.

April 28, 1954.

John B. Poole, Detroit, Mich., for petitioner.

Fred Youngman, Washington, D. C. (H. Brian Holland, Ellis N. Slack, A. F. Prescott, George F. Lynch, Washington, D. C., on the brief), for respondent.

Before ALLEN and McALLISTER, Circuit Judges, and GOURLEY, District Judge.

PER CURIAM.

The appeal relates to the interpretation of section 311(a) (1), (f) of the Internal Revenue Code and poses the question:

Does the Commissioner of Internal Revenue have authority to hold a wife-beneficiary of a life insurance policy liable for unpaid income taxes of a deceased spouse as transferee of her husband's assets?

The Tax Court answered in the affirmative and sustained a deficiency assessment by the Commissioner.

After consideration of the records, briefs, and arguments of counsel for the parties, we believe the decision should be reversed.

The statutes involved in the adjudication of the problem provide that the transferee of property of a taxpayer, which includes heirs, legatees, devisees, and distributees, shall be personally liable for taxes due by the transferor equivalent to the value of the property transferred.[1]

To place the question in its proper perspective, brief reference is made to the facts:

The decedent was solvent to the date of death, he had a substantial monthly income, his wife was beneficiary on the policy from the date of issuance to the date of death (which was more than 14 years), and there was no evidence of intent to defraud or prejudice creditors. He reserved the right to change the beneficiary of the policy, to borrow on the policy (which right he had exercised), and to demand its cash value. However, due to loans on the policy, it had no cash value on the date of his death. Claim was made against the proceeds of said policy, since his estate was insufficient to pay the income tax determined.

As the policy had no cash value, no transfer is involved that would authorize the imposition of transferee-liability against appellant wife. The failure of the husband to change the beneficiary from his wife to his estate is not a voluntary transfer of the proceeds of said policy within the meaning and scope of the Federal Transferee Statute, § 311 (a) (1), (f) of the Internal Revenue Code.

The appellant places strong reliance on the decision of the Court of Appeals for the Third Circuit in the case of Pearlman v. Commissioner, 3 Cir., 153 F.2d 560.

That case is distinguishable from the case at bar since the deceased husband in that case was insolvent prior to death, and his income-tax difficulties were in litigation prior to his death. In the present case the husband was solvent at date of death, by reason of loans on the policy it had no cash value, and he was involved in no dispute or litigation concerning his income-tax liability during his lifetime. In fact, it was not until his fiduciary filed his income-tax return that the amount of tax was determined.

Each of the other cases cited by appellee is readily distinguishable—as to the factual situation and the questions of law involved—from the case at bar, and does not control the disposition of this appeal.

Under the facts in this case, neither at common law nor under the Uniform

---

1. Section 311(a) (1), (f), Internal Revenue Code, 26 U.S.C.A. § 311(a) (1), (f).

Section 827(b), Internal Revenue Code, 26 U.S.C.A. § 827(b).

Fraudulent Conveyance Act of Michigan, Comp.Laws Mich.1948, § 566.13, has there been a transfer of assets such as is contemplated under the Internal Revenue Code.

See Mertens Law of Federal Income Taxation, Vol. 9, § 53.10, page 498.

Equitable Life Assurance Society v. Hitchcock, 270 Mich. 72, 258 N.W. 214, 106 A.L.R. 591.

We believe the law should protect from the claims of creditors, and the United States is a creditor, the insurance taken out by a husband where a wife is named beneficiary, when there is no fraud, the deceased husband is solvent until the date of death, and the policy has no cash value at the date of death.

We conclude that under the facts and circumstances of the present case the Tax Court was in error, and the widow-beneficiary is not liable, as a transferee, for the income-tax deficiencies of her deceased husband.

The decision of the Tax Court is reversed and the case remanded for further proceedings in accordance with this opinion.