**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mrs. Beatrice F. NEW, Individually and as Administratrix of the Estate of Herbert Fried, Defendant-Appellant.**

**No. 11183.**

United States Court of Appeals Seventh Circuit.

Dec. 2, 1954.

Charles J. O'Laughlin, Addis E. Hull, III, John D. Knodill, Jr., Chicago, Ill., Johnston, Thompson, Raymond & Mayer, Chicago, Ill., of counsel, for appellant.

H. Brian Holland, Asst. Atty. Gen., John J. Kelley, Jr., Sp. Asst. to Atty. Gen., Robert Tieken, U. S. Atty., Chicago, Ill., Ellis N. Slack, A. F. Prescott, Sp. Assts. to Atty. Gen., for appellee.

Before MAJOR, FINNEGAN and SCHNACKENBERG, Circuit Judges.

MAJOR, Circuit Judge.

Defendant (sometimes referred to as the taxpayer) is the widow of Herbert Fried, who died on April 11, 1948, and is the administratrix of his estate. Decedent, insolvent at the time of his death, was indebted to plaintiff (United States of America) on account of income taxes for the years 1943 through 1948, in the amount of $64,851.33, and interest of $7,733.80. On July 16, 1948, the Collector of Internal Revenue filed a claim against the decedent's estate, which was allowed and upon which the administratrix paid $839.14, the balance remaining unsatisfied.

The decedent at the time of his death had in full force and effect five life insur-

ance policies, in each of which the taxpayer (the wife of the insured) was named as beneficiary, the proceeds of which were paid to her after decedent's death. This action was instituted by plaintiff against defendant to recover such proceeds in discharge of the remainder of its tax claim as allowed against the decedent's estate.

Plaintiff moved the court for summary judgment only upon that part of its action based upon Policy No. 783299, issued October 27, 1933, by the New England Mutual Life Insurance Company, the proceeds of which were paid to taxpayer as the designated beneficiary in the amount of $12,597.70. The court, on April 2, 1954, found that there was no genuine issue as to any material fact involved and entered summary judgment in favor of the plaintiff in the amount of $12,597.70, with interest until paid. From this judgment defendant appeals.

We agree that there is no dispute as to any material issue of fact and that there is presented for our decision only a question of law. It appears pertinent, however, to note further that the insured in the policy under consideration reserved the right to change the beneficiary but that he did not do so. More specifically, his wife was designated as beneficiary when the policy was issued in 1933 and continuously remained so until his death in 1948. There is no proof as to when the insured became insolvent other than that he was such at the time of his death. There is no showing and no claim that plaintiff or any other creditor was prejudiced by the action of Fried in taking out this policy of life insurance, or that the assets of his estate have been diminished by reason thereof.

The issue for decision is whether the beneficiary of a life insurance policy, of which the insured had retained the right to change the beneficiary, is liable for delinquent income taxes of the insured to the extent of the proceeds of the policy, the insured having died insolvent.[1]

Plaintiff's contention, sustained by the trial court, is that defendant as the recipient of the proceeds of the policy in dispute is liable as a "transferee" under Section 311 of the Internal Revenue Code, 26 U.S.C.A. § 311. The question has given rise to much litigation, as is evidenced by the numerous cases wherein it has been considered under the same or similar facts. We think, however, it can now be safely said that the weight of authority is against the government's position. For reasons subsequently disclosed, we need do no more than mention those cases decided by Courts of Appeals in which the same or a similar question has been considered in one form or another. Kieferdorf v. Commissioner, 9 Cir., 142 F.2d 723; Pearlman v. Commissioner, 3 Cir., 153 F.2d 560; Tyson v. Commissioner, 6 Cir., 212 F.2d 16, and Rowen v. Commissioner, 2 Cir., 215 F.2d 641.

The Rowen case, decided by the Second Circuit September 9, 1954, subsequent to the decision of the District Court in the instant case, is, in our judgment, a well reasoned opinion. The facts for all relevant purposes are the same as those here. That court considered the same contentions which the government advances here, as well as the same cases upon which it here relies, and reversed a decision of the Tax Court, 18 T.C. 874 in favor of the government.

Relative to the "transferee" contention, that court stated 215 F.2d at page 644: "In no sense were the *proceeds* ever property of the decedent-taxpayer. Under the policy contracts the decedent never had a right to receive the proceeds. And since at his death the policies were not payable to his estate, the *proceeds* of the policies never passed to his estate and *as to the proceeds* the beneficiaries did not take as legatees or distributees of his estate."

1. The policy provided for a cash or loan value, all of which had been borrowed by the decedent except the amount of $26.06, which represented its cash value at the time of his death. The parties in their briefs take no note of this small cash value, and neither do we.

· We agree with both the reasoning and result reached by the court in the Rowen case and think no useful purpose could be served in a further discussion of the issue.

The judgment is

. Reversed.