**UNITED STATES of America, Plaintiff,**

v.

**Molly G. BESS, Defendant.**

**Civ. A. 1248–52.**

United States District Court
D. New Jersey.

Sept. 7, 1955.

468

FORMAN, Chief Judge.

The complaint in this case alleges that the defendant, Molly G. Bess, owes the plaintiff, the United States, for income taxes due from her deceased husband in the aggregate of $9,428.84.

The facts are stipulated.

Herman Bess, a resident of New Jersey, died on June 29, 1950, leaving the defendant, his widow, a resident of Deal, Monmouth County, New Jersey, surviving him. On July 17, 1952 his estate was adjudged insolvent by the Monmouth County Court, Probate Division. Claims were filed by the Government for the years, in the amounts, and upon which payments were ordered to be made as follows:

| Year | Amount | Payment Pursuant to Order of Court |
|------|--------|-----------------------------------|
| 1945 | $ 4,713.59 | $ 554.28 |
| 1946 | 3,789.32 | |
| 1947 | 925.94 | |
| 1948 | 1,411.19 | 3,990.71 |
| 1949 | 2,579.52 | |
| Total | $13,419.56 | 4,544.99 |
| Balance due | | $8,874.57[1] |

Interest on the above amounts was also claimed. It was further stipulated that Mrs. Bess succeeded to approximately $55,000 of property held in the joint names of herself and her husband;[2] that she was the named beneficiary in eight policies of insurance on the life of her husband from which she received a total of $63,576.95; that on seven of the policies the deceased had had the right to borrow against the cash surrender value, to change the beneficiary, and to assign the policies; that he did change the beneficiary on several of the policies; that the eighth policy was in group insurance and that under it he had only the right to change the beneficiary;

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., by George H. Barlow, Asst. U. S. Atty., Trenton, N. J., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, H. Eugene Heine, Jr., Special Assts. to the Atty. Gen., of counsel, for plaintiff.

Daniel Oppenheim, Newark, N. J., for defendant.

1. The demand in the complaint fails to reflect the payment of $554.28, applied to the year 1945 as stipulated.

2. The Government makes no attempt to reach property held jointly by husband and wife. See Irvine v. Helvering, 8 Cir., 1938, 99 F.2d 265.

that the deceased paid all of the premiums on the policies and that he was solvent at the time he made such payments and that the cash surrender value of the policies at the date of his death was $3,362.53.

No facts were left disputed and the case poses only questions of law. It is the proceeds received by Mrs. Bess which the Government is now trying to reach on the theory that the defendant is a "transferee" under § 311 of the 1939 Code (now § 6901 of the 1954 Code), 26 U.S.C. § 311:

"§ 311.  Transferred assets

"(a) Method of collection.  The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

"(1) Transferees.  The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter.

\*      \*      \*      \*      \*

"(f) Definition of 'transferee'. As used in this section, the term 'transferee' includes heir, legatee, devisee, and distributee."

It is the theory of the Government that Mrs. Bess is a "transferee" of "property of a taxpayer" by virtue of having been beneficiary of his life insurance and that she is under a "liability, at law or in equity * * * in respect of the tax"..

Implicit in this theory of the case is that the life insurance proceeds received by Mrs. Bess were property of the deceased taxpayer transferred to her burdened with a liability for his tax delinquency.  The Government concedes, however, that several recent cases in the Courts of Appeals have been decided to the contrary.  United States v. Truax, 5 Cir., 1955, 223 F.2d 229; United States v. New, 7 Cir., 1954, 217 F.2d 166; Rowen v. Commissioner, 2 Cir., 1954, 215 F 2d 641; Tyson v. Commissioner, 6 Cir., 1954, 212 F.2d 16.[3]  Each of these cases distinguishes, or differs from Pearlman v. Commissioner, 3 Cir., 1946, 153 F.2d 560, upon which the Government places heavy reliance.

Rowen v. Commissioner, supra, is representative of this problem.  There multiple beneficiaries of a decedent's life insurance policies contested the Commissioner's transferee assessment against them.  It was held that since life insurance proceeds were not "property" of the insured even though he had reserved the right to change beneficiaries, there was no transfer of property of a taxpayer and therefore as to the proceeds there could be no transferee liability on the part of the beneficiaries.  The court held otherwise as to the cash surrender value, deciding that during the lifetime of the taxpayer the cash value represented property which upon his death merged with the proceeds and was thus transferred to the beneficiaries.  But even though the beneficiaries were held to be "transferee[s] of property of a taxpayer" in the amount of the cash surrender value, there was no liability "at law or in equity * * * in respect of the tax" because the Government's rights as a creditor were to be governed by local

law and under the applicable New York statutes the entire proceeds of life insurance, including that representing cash surrender value, were beyond the power of creditors to reach.

But the Court of Appeals of this circuit treated such tax liability from a different viewpoint in the case of Pearlman v. Commissioner, supra. The facts in that case were not materially different from those here and in Rowen, except in one particular—there the decedent had paid premiums while insolvent whereas the Government and Mrs. Bess have stipulated that Herman Bess paid all premiums while solvent. This difference was thought controlling in Tyson v. Commissioner, supra, which distinguished the Pearlman case on this ground. But although the prior insolvency of the decedent was mentioned in Pearlman no particular significance is attached to it in the opinion. Pearlman seems rather to be laying down a broad policy of transferee tax liability wherever life insurance proceeds are distributed to beneficiaries named by an insured who dies owing the Government for back income taxes and who had reserved the right in the policies to change the beneficiary.

"On principle the question seems to us clearly one to be answered without reference to state law limitations. It would not be disputed that, in general, the imposition and collection of federal income tax is a federal function. One of the questions arising from such an undertaking is the determination of when B is to be liable to pay a tax assessed against A. The Congress could, no doubt, have left this question to be variously determined by the laws of the respective states if it had so desired. But in the absence of a clearly expressed intention to do so, we should not infer it, for such variation does not fit into a uniformly applied system of federal taxation. The administration of its taxing laws is as clearly a function of the federal government as the making of contracts, and the issuing of checks and warrants in payment of its obligations, matters in which the Supreme Court has recently held that the state law does not control. Clearfield Trust Co. v. United States, 1943, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838; United States v. County of Allegheny, 1944, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209; National Metropolitan Bank v. United States, 1945, 323 U.S. 454, 65 S.Ct. 354 [89 L.Ed. 383].

"Once the problem is removed from state statutes and decisions there is no question made of the liability of this taxpayer as transferee. * * * " 153 F.2d at page 562.

■ Thus, it is easily seen that Pearlman leaves no room for the application of the New Jersey statute[4] protecting life insurance beneficiaries from their insured's indebtedness as, it is urged, is the case with this defendant. The decision in the Pearlman case is controlling here.[5]

The defendant further objects that the plaintiff has failed to fulfill statutory requirements contained in § 311(a) of the Internal Revenue Code so as to impress her with any liability for the income tax owed by her deceased husband. She argues that any alleged claim against her as a transferee must be assessed and collected in the same manner as in the case of a deficiency on a tax. Section 272(a)(1) prescribes, she contends, the administrative procedure to be followed by the

4. N.J.R.S. 17:34–28, N.J.S.A.

5. The Pearlman case has been construed broadly and followed by a number of district courts and the tax court, although some of these cases have been reversed. A representative group follows: United States v. New, D.C.N.D. Ill.1954, 123 F.Supp. 312, reversed, 7 Cir., 1954, 217 F.2d 166; United States v. Goddard, D.C.W.D.N.Y.1952, 111 F. Supp. 607; Aura Grimes Bales, 1954, 22 T.C. 355; Ruth Halle Rowen, 1952, 18 T.C. 874, reversed 2 Cir., 1954, 215 F.2d 641; Christine D. Muller, 1948, 10 T.C. 678. See also Pyle, Liability of Insurance Proceeds for Unpaid Income Taxes of Decedents, 31 Taxes 183, 188–189 (1953).

plaintiff in order that liability may be established against a transferee of the nature of which plaintiff claims her to be. Since no procedure was followed by the plaintiff to satisfy the statutory requirements she submits that she cannot in this suit be adjudged responsible for the said taxes and that it should be dismissed against her. She further contends that since the plaintiff failed to follow the statutory procedure outlined it can be regarded only as an ordinary creditor of the deceased taxpayer and in order to recover from her the plaintiff must plead and prove that she was the recipient of a fraudulent conveyance of the proceeds of the life insurance policies under N.J.R.S. 17:34–28, N.J.S.A., which, she alleges, insulates her rights as a beneficiary of an insurance policy from plaintiff's reach.

The statutory procedure to which the defendant refers is not exclusive and the plaintiff may endeavor to enforce collection of its taxes by actions at law or in equity. Phillips v. Commissioner, 1931, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Leighton v. United States, 1933, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350.

Judgment for the plaintiff will be entered in the amount of $8,874.57.