**In re PRESTON LUMBER CORPORATION,**
**Debtor.**

**Bankruptcy No. 95–11869.**

United States Bankruptcy Court,
N.D. California.

Aug. 19, 1996.

Paul M. Jamond, Santa Rosa, CA, for Lessor Bessie Richardson.

Frandzel & Share, Randolph L. Howard, San Francisco, CA, for Secured Creditor Sumitomo Bank of California.

Buchalter, Nemer, Fields & Younger, Dennis D. Miller, San Francisco, CA, for Creditor The CIT Group/Equipment Financing, Inc. and The CIT Group/Industrial Financing, Inc.

Hanson, Bridgett, Marcus, Vlahos & Rudy, Paul F. Goldsmith, San Francisco, CA, for trustee.

John MacGregor, Trustee, Ukiah, CA.

## MEMORANDUM

ALAN JAROSLOVSKY, Bankruptcy Judge.

The debtor's attempt to reorganize has failed, and John MacGregor has been appointed trustee and charged with liquidating the estate. He has retained an auctioneer for this purpose and a sale date has been set.

Creditor Sumitomo Bank has a lien on the debtor's sawmill equipment and rolling stock. This collateral in encumbered far in excess of its worth. Accordingly, the estate should have no interest in administering these assets and the trustee would be expected to abandon them. However, for reasons which make the court very uncomfortable, the trustee is including the collateral in his sale and seeks an order selling them free and clear of liens other than Sumitomo's.

A dispute has arisen between Sumitomo and Bessie Richardson, the lessor of the debtor's business premises. The dispute involves whether certain machinery is the bank's collateral or fixtures attached to the property. There is no reason why the trustee or this court should care about this dispute, which does not involve the debtor or the estate. In fact, it is generally an abuse of discretion for a bankruptcy court to retain jurisdiction over a dispute which no longer affects the estate. However, Sumitomo and the trustee have entered into a very questionable arrangement which calls for the court to become involved in the dispute between Sumitomo and Richardson.

Sumitomo has induced the trustee to seek permission to sell its collateral free and clear of the Richardson interest pursuant to section 363(f) of the Bankruptcy Code. In return, Sumitomo has agreed to pay the trustee a percentage of the auction proceeds and trustee's counsel $35,000.00. The court finds this arrangement highly improper.

The trustee's powers under the Bankruptcy Code are not supposed to be money-making assets which the trustee can make available to the highest bidder. They are tools for the trustee to maximize recovery *for the estate*. A trustee abuses his powers when he makes them available to secured creditors at a price with no resulting benefit to the estate.

Worse, the trustee and his counsel are clearly motivated by personal gain. The trustee, who obviously views section 326 of the Bankruptcy Code as a commission rather than a limitation, expects to receive a 3% commission from Sumitomo. His counsel gets $35,000.00. Their employer, the bankruptcy estate, gets nothing.

The trustee and his counsel are fiduciaries of the bankruptcy estate. They are not at liberty to make side deals with other parties to increase their compensation. At best, these arrangements distract the trustee from his primary duties. At worst, they

create actual conflicts of interest when the trustee sees he can make more money for himself by liquidating collateral for a secured creditor than he can by asserting a claim against the secured creditor on behalf of the estate.

Since it appears that Richardson has consented to the sale, the court will not upset the plans of the parties at this point. However, it approves the sale only on the following terms:

1. Sumitomo will be surcharged for the reasonable and necessary costs of disposing of its collateral to the extent of the benefit it may obtain, as provided by section 506(d) of the Bankruptcy Code. The court declines to fix or limit the amount of the surcharge at this time.

2. The trustee should expect to be compensated on an hourly basis, and should be keeping good time records. His fees are subject to the statutory maximum set forth in section 326(a) of the Bankruptcy Code. The court is not likely to use the proceeds of the sale of Sumitomo's collateral in computing the maximum absent a clear showing of benefit to the estate.

3. Counsel will not be allowed any extra fees on account of the sale of Sumitomo's collateral absent a clear showing of benefit to the estate.

4. Neither the trustee nor his counsel may accept any form of compensation directly from Sumitomo.

5. At any time before the sale, either Sumitomo or Richardson may elect to withdraw from the sale. In such case, the sale will not be free and clear of Richardson's claims.

Counsel for the trustee shall submit an appropriate form of order which the U.S. Trustee has approved as to form.