**In re Cornelius and Karen COVINGTON, Debtors.**

**No. 06 21066 A 7.**

United States Bankruptcy Court,
E.D. California,
Sacramento Division.

Sept. 22, 2006.

Karen Covington, Fairfield, CA, pro se.

Cornelius Covington, Fairfield, CA, pro se.

## MEMORANDUM

MICHAEL S. MCMANUS, Chief Judge.

Cornelius F. Covington ("the debtor") is one of the joint debtors in this chapter 7 case. His petition was filed after the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) became effective.

The Madera County Child Support Department has filed a proof of claim on behalf of the debtor's daughter. The proof of claim demands $38,211.59 for past due child support.

11 U.S.C. § 101(14A) defines a domestic support obligation as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided by applicable nonbankruptcy law notwithstanding any other provision of this title, that is(A) owed to or recoverable by(I) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit; (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated; (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of(I) a separation agreement, divorce decree, or property settlement agreement; (ii) an

order of a court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

Based on the information in the proof of claim, to which no objection has been filed, it is clear that the $38,211.59 is a domestic support obligation.

■ When a debt is a domestic support obligation, it cannot be discharged by an individual chapter 7 debtor. *See* 11 U.S.C. § 523(a)(5). Consequently, once an individual debtor receives a chapter 7 discharge, the holder of a domestic support obligation claim is not subject to the statutory injunction barring enforcement of the debt against the debtor as a personal liability. *See* 11 U.S.C. §§ 523(a)(5), 524(a)(2), & 727(b).

■ Moreover, a domestic support obligation may be enforced against property of the debtor, both during the chapter 7 case without violation of the automatic stay, and after entry of a discharge without violation of the discharge injunction. *See* 11 U.S.C. §§ 362(b)(2)(B) & 522(c)(1). This is so even when the property against which the domestic support obligation is being enforced has been exempted by the debtor in the bankruptcy case. *See* 11 U.S.C. §§ 522(c)(1). Section 522(c)(1) provides in pertinent part:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the

commencement of the case, except—(1) a debt of a kind specified in paragraph ... (5) of section 523(a) (in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in section 523(a)(5)). ...

■ Because the debtor in this chapter 7 case owes a domestic support obligation, the trustee argues that section 522(c)(1) requires the disallowance of the debtor's exemptions in a $1,000 bank deposit and an automobile to permit these assets to be liquidated and the proceeds paid to the holder of the domestic support obligation claim.

The trustee's objection to these exemptions will be overruled. Section 522(c)(1) does not provide for the disallowance of an exemption. Rather, it provides that property exempted by the debtor is nonetheless liable for a domestic support obligation. Disallowance of the exemption is not a predicate to the enforcement of a domestic support obligation against the property.

■ The next issue is whether, by virtue of section 522(c)(1), the trustee may liquidate the exempt property in order to pay the domestic support obligation. The court concludes that he may not. The trustee's motion to sell the automobile will therefore be denied.

■ A chapter 7 trustee must "collect and reduce to money property of the estate...." [Emphasis added.] *See* 11 U.S.C. § 704(a)(1). When a debtor exempts property, it is effectively removed from the estate.[1] *See, e.g., In re Szekely,*

---

1. However, if the property declared exempt by the debtor has value beyond the exemption amount, or if it appreciates beyond the exemption amount after the petition is filed, the nonexempt amount or appreciation is property of the estate that may be administered by the trustee. *See In re Hyman,* 967 F.2d 1316 (9th Cir.1992).

936 F.2d 897 (7th Cir.1991). Here, the automobile and the bank deposit have been removed from the estate by virtue of their exemption. There is no nonexempt value in either asset and neither has appreciated above the maximum exemption amount. Therefore, there is no "property of the estate" for the trustee to administer for the benefit of creditors in general or the holder of the domestic support obligation in particular.

■ An analogous situation, one that predates the enactment of BAPCPA, involves the enforcement of nondischargeable tax claims against exempt property. Like domestic support obligations, section 522(c)(1) permits the holder of a nondischargeable tax claim to enforce it against property the debtor has exempted in the bankruptcy case. *See* 11 U.S.C. § 523(a)(1). When taxes are owed, for example, to the Internal Revenue Service, section 522(c)(1) dovetails with 26 U.S.C. § 6334(c) which provides that "[n]otwithstanding any other law of the United States ..., no property or rights to property shall be exempt from levy" unless 26 U.S.C. § 6334(a) provides an applicable exemption. *Kieferdorf v. Commissioner,* 142 F.2d 723 (9th Cir.1944).

Even though this provision has been part of the Bankruptcy Code since 1979, the trustee has cited no authority indicating that he may liquidate otherwise exempt property because the debtor happens to owe a nondischargeable tax claim.

■ Also, while section 522(c)(1) permits the enforcement of domestic support obligation and tax claims against "property exempted under ... section [522]," when such claims are enforced pursuant to applicable nonbankruptcy law, that law may provide the debtor with exemptions apart from section 522.

For instance, even though a debtor's exemptions under section 522(b) will not prevent the Internal Revenue Service from levying on property, it cannot levy against property of the type described in 26 U.S.C. § 6334(a). And, in California, the enforcement of a judgment for child, family, or spousal support (all of which would be encompassed within the definition of a domestic support obligation), is subject to some exemptions. *See* Cal.Civ.Proc.Code §§ 703.070, 703.115.

Given the potential availability of these "nonbankruptcy" exemptions, in a chapter 7 case that would otherwise be a "no-asset" case, it makes more sense to require the holder of a domestic support obligation claim, not the bankruptcy trustee, to enforce a domestic support obligation in a nonbankruptcy forum. That forum then may deal with the availability and extent of nonbankruptcy exemptions.

■ Finally, a chapter 7 trustee generally will not administer an asset unless it will produce a net return for the estate. For instance, when an asset is fully encumbered by a lien, it is considered improper for a chapter 7 trustee to liquidate the asset. *See e.g., In re Preston Lumber Corp.,* 199 B.R. 415 (Bankr. N.D.Cal.1996).

While the trustee's motion to sell does not involve the sale of fully encumbered property, the property is being liquidated for the benefit of just one creditor—the holder of the domestic support obligation claim—rather than unsecured creditors generally. Given that the Madera County Child Support Department is collecting the claim for the benefit of the claim holder, it is clear that the assistance of the trustee, which would come at a price, is unnecessary. By enforcing the domestic support obligation in state court, the trustee's administrative expenses will be avoided. *Cf. Williams v. California 1st Bank,* 859 F.2d

664 (9th Cir.1988) (holding that it is improper for a trustee to liquidate claims that benefit only select creditors with the only benefit to the estate being the recoupment of administrative costs).

For these reasons, the trustee's objections to the debtor's exemptions will be overruled and his motion to sell the automobile will be denied. Separate orders will be entered.